## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY v. BUNTING.

[No. 11,921. Filed December 18, 1925.]

1. RAILROADS.—*Driver of automobile who looked both ways for approaching trains as she approached a crossing not guilty of contributory negligence as a matter of law.*—Where the driver of an automobile, in approaching a railroad crossing, looked both ways for approaching trains, it cannot be said, as a matter of law, that she was guilty of contributory negligence. p. 48.

2. RAILROADS.—*Evidence held to sustain finding that trainmen were negligent in approaching dangerous highway crossing without sounding whistle within eighty rods of crossing.*—Evidence that in approaching dangerous highway crossing, the trainmen gave only the statutory signals, and did not sound the whistle within eighty rods of the crossing, *held* to warrant finding that trainmen were guilty of negligence resulting in injury to the driver of an automobile while crossing the track. p. 48.

3. RAILROADS.—*Trainmen in charge of train approaching highway crossing must exercise care proportionate to dangerous character of crossing and sometimes must sound whistle when less than eighty rods from crossing.*—The engineer and fireman in charge of a train approaching a highway crossing must use care proportionate to the dangerous character of the crossing, and reasonable care in approaching some crossings may require that the whistle be sounded after the train has approached nearer than eighty rods from the crossing. p. 48.

4. RAILROADS.—*Instruction applying doctrine of "last clear chance" held proper.*—Instruction applying the doctrine of "last clear chance" *held* proper under the evidence in action by driver of automobile injured while driving over highway crossing. p. 50.

5. TRIAL.—*Instruction on "last clear chance" held not to invade province of jury.*—In an action for injuries received in a collision between a train and an automobile while being driven over a highway crossing, an instruction to find for the plaintiff if the trainmen in charge of the train discovered the plaintiff's peril at the crossing in time to have avoided the accident, but thereafter negligently failed to exercise due care to avoid injuring her, because of which plaintiff was injured, was not objectionable as invading the province of the jury. p. 50.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Action by Arleigh A. Bunting against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Pickens, Moores, Davidson & Pickens,* for appellant.
*Curtis G. Shake, Joseph W. Kimmell, J. W. Lindley* and *Charles H. Bedwell,* for appellee.

McMahan, J.—Appellee recovered judgment for personal injuries sustained by reason of an automobile, which she was driving, having been struck at a street crossing by one of appellant's freight trains. The overruling of appellant's motion for a new trial is the only error assigned. The specific reasons urged for reversal are that the verdict is not sustained by sufficient evidence, is contrary to law, and the giving of a certain instruction. Appellant contends there can be no recovery on the first paragraph of complaint because the evidence conclusively and without conflict shows appellee was guilty of contributory negligence, and that there can be no recovery on the second paragraph because the evidence without contradiction shows that appellant could not, by the use of reasonable care, have avoided injuring appellee and that the negligence of appellee and appellant "continued up until the time the injury occurred or until such danger of injury was so imminent that neither could prevent it and that she was injured by the concurrent negligence of herself and the defendant."

The evidence shows that the highway over which appellee was traveling at the time of the accident ran parallel with and close to the appellant's right of way for some considerable distance up to a point near the crossing, where it turns slightly to the west and crosses the railroad. Appellee and the train which struck her

automobile approached this crossing from the north. The train was running from twenty-five to thirty-five miles an hour, although one witness said it was running between thirty and fifty miles an hour.   Appellee drove her automobile about eighteen miles an hour until she reached a point about 200 or 300 feet from the crossing, when she slowed down to eight to ten miles an hour.   She testified that, after getting within 300 feet of the crossing, she looked both ways to see if a train was approaching.   There were buildings and obstructions to her view until she got close to the track.   Just before the accident, she looked in the direction from which the train came but she neither saw nor heard the train.   Her sister who was in the automobile called to her, just as she reached the track, that the train was coming, at which time she brought her automobile to a stop, but, before she could back it away from the track, it was struck by the engine, appellee seriously injured and her sister killed.   The fireman first testified that, when the locomotive was eleven or twelve car lengths from the crossing, he saw the automobile approaching the crossing and about 200 feet from the crossing.   He later changed his testimony and said the automobile was ten or twelve feet from the crossing when he first saw it and that, at that time, he was six to ten cars from the crossing.

The fireman did not say anything to the engineer about seeing the automobile approaching the crossing and the engineer did not see the automobile before the collision.   The engineer testified that when they were about four car lengths from the crossing, the fireman was trying to attract the attention of a brakeman who was riding on the front of the engine; that the brakeman gave him a signal to stop, but that it was then too late to stop the train before striking the automobile, although he could have reduced the speed of the train

to twelve or fifteen miles an hour; that he did not sound the emergency whistle before the accident and that he could have stopped the train in about twelve car lengths. The conductor testified that the train ran about 1,500 feet after the air was applied and that the train had eleven cars.

As is usual in this class of cases, the evidence is conflicting concerning the giving of the statutory signals. There is evidence, however, that such signals were given, but there is no evidence that the whistle was sounded within eighty rods of the crossing. The train ran about 1,300 feet after the collision before it came to a stop.

1. The evidence shows that appellee looked for the train as she approached the crossing and we cannot say as a matter of law that she was negligent in not doing more than she did do. This is not a case where the injured person drove across the track without taking any precaution or without making any attempt to learn if a train was approaching. The jury drew the inference that she exercised reasonable care and there is evidence to support that finding.

2, 3. Is there any evidence to support a finding that appellant was negligent? It seems to us there is. The railroad crossed the highway in a manner so that when appellee approached the crossing, the train was almost behind her. Appellant and its servants knew the situation and knew that it was a dangerous crossing. Knowing the character of this crossing and that it was a much used crossing, the engineer and fireman in charge of the train were satisfied to exercise the minimum care required by the statute, by, as they said, sounding the whistle when between eighty and 100 rods from the crossing and ringing the bell thereafter until after the train passed the crossing. This was the minimum care required by them, but not necessarily

the maximum quantum of care required of them. What might be reasonable care at one crossing might not be reasonable at another and more dangerous crossing. An engineer and fireman, when their train is approaching a crossing, must use care proportionate to the dangerous character of the crossing. Reasonable care in approaching some crossings may require that the whistle be sounded after the locomotive has reached a point eighty rods from the crossing. The jury in this case may have concluded that the character of this crossing and the amount of travel at that place required the sounding of the whistle at a point or points less than eighty rods from the crossing. The fireman, when on the witness stand the first time, said he saw appellee when the train was ten to twelve car lengths from the crossing. On being recalled, he changed this statement and said that the train was from six to ten car lengths away when he first saw her. The jury may have found that the fireman was negligent in his failure to give any warning of the approach of the train, and we are not ready to say such a finding would not have been justified. If the whistle had been sounded at that time, appellee might have heard it and been able to have stopped her automobile and have avoided the collision. Those in charge of a train approaching a crossing, especially a dangerous one, must not shut their eyes to the fact that the use of automobiles has increased the travel on highways and rendered the crossing of railroads and highways more dangerous than they were when the law requiring the whistle to be sounded not less than eighty rods from the crossing was enacted. With nearly a half million people injured last year in collisions between automobiles and railroad trains at public crossings, the railroads, as well as the traveling public, must take notice of the fact that greater care

must be exercised when approaching such crossings. And we repeat, a railroad employee in charge of a locomotive approaching a crossing with a highway, who fails to give any signal other than the statutory signal takes a chance of being found negligent in case of an accident at such crossing. We are of the opinion the evidence is sufficient to support a finding that appellant was guilty of negligence.

Instruction No. 14 given by the court related to the doctrine of last clear chance. Appellant contends that the court erred in giving this instruction, because the doctrine of last clear chance was not applicable, and because it invaded the province of the jury. The evidence in our judgment was sufficient to justify the court in giving an instruction regarding last clear chance. The court by this instruction told the jury that if it found appellee had stopped her automobile on the railroad tracks and if the employees of appellant in charge of the locomotive saw her and knew she was in a place of danger, that there was danger of injury to her and knew of her perilous situation in time to have given them an opportunity to avoid injuring her, but that they negligently failed to exercise due care to keep from injuring her, "after her dangerous situation was discovered by and known to them, and because of such negligence of such employees in failing to stop such train, the plaintiff was injured," etc. Appellant contends that the part of the instruction in quotation invaded the province of the jury. The instruction in our judgment is not subject to the objection urged. There was no error in overruling the motion for a new trial.

Judgment affirmed.