Virginia J. MILLER, administratrix of the estate of Robert B. Miller, deceased, Plaintiff-Appellant,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.

No. 11640.

United States Court of Appeals Seventh Circuit.

May 21, 1956.

Rehearing Denied June 11, 1956.

Roland Obenchain, Jr., South Bend, Ind., for appellant.

James W. Oberfell, George N. Beamer, South Bend, Ind., for defendant-appellee, Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., of counsel.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff sued defendant to recover damages for the death of decedent, which, plaintiff alleges, was the result of personal injuries sustained by decedent when a negligently operated train of defendant collided with decedent's automobile at a crossing of the railroad over Ireland Road in St. Joseph County, Indiana, which crossing was negligently maintained by defendant. At the close of plaintiff's case, the district court directed a verdict for defendant and entered a judgment in favor of defendant on said verdict, from which plaintiff has appealed to this court, relying upon the directing of the verdict as error.

Evidence in the record at the time of the entry of the verdict tended to establish the following facts:

On October 6, 1953, outside the southern limits of the city of South Bend, Indiana, defendant maintained a grade crossing at Ireland Road. The tracks ran north and south and the road east and west. There were four tracks, consisting of three storage tracks and one main track. The easternmost track was the main track. The right of way of Ireland Road was 80 feet wide. The pavement was blacktop and was 22 feet wide. It was 32 to 35 feet from the westernmost to the easternmost rail of the crossing. The crossing was heavily traveled at night. There were standard cross-arm signals on both sides of the tracks facing traffic as it approached from either direction. The highway was posted at 30 miles per hour. About one half mile north of the crossing there was a Studebaker shipping plant where there were flood lights observable from the railroad crossing at night. There was a wooded area between Ireland Road and this plant and trees and foliage on the northwest corner of the crossing. There were no crossing gates, signals or watchman at the crossing.

The defendant's train consisted of a diesel switch or yard engine, 25 or 30 feet long, an empty gondola car, a boxcar, a loaded coal car and a cabin. It was 200 feet long over all. This train was

southbound on the main or easternmost track. The engine was proceeding forward with the cab at the back. The engineer was on the right side of the cab operating the engine and the fireman was on the left. The train was going approximately 15 miles an hour and it could not be stopped within 300 feet to 400 feet at that speed. It approached Ireland Road crossing at about 12:00 to 12:15 A.M. The whistle was blowing, the bell was ringing, and its headlight was burning brightly. There was a string of boxcars standing on one of the storage tracks north of Ireland Road, the nearest car to Ireland Road being about a car length or 40 feet from the pavement of that road. This string of cars extended as far as witnesses could see in the dark. The cars were the same height as the engine. The engineer could not see over the boxcars.

Decedent was thoroughly familiar with the crossing, having crossed it twice daily on his way to and from work, and knew of all existing conditions at the crossing. He had remarked on several occasions that "one of these nights somebody is going to get killed at that crossing." He was acquainted with the fact that there were cars parked on the side tracks from time to time.

On the date of the accident decedent had worked at the Bendix plant in South Bend until 12:00 midnight. He was driving his car eastbound on Ireland Road. There was heavy eastbound traffic. The emergency air brakes were applied on the train and the engineer stopped as fast as he could. The knuckle on the front coupler of the engine struck decedent's car on the left side and carried it on the front of the engine 450 feet south of the crossing. The decedent died as the natural and probable consequences of this collision. He left his widow and three dependent children. The plaintiff is administratrix of his estate. They were damaged by his death.

■■ 1. The care which the law required of the engine crew, as well as of decedent, depended upon the circumstances existing at and near the crossing immediately before the collision. The presence of a string of boxcars upon a track west of the one upon which defendant's train was proceeding southerly toward the Ireland Road crossing required the exercise of care commensurate with that and other relevant facts. The fact that this string of cars extended from a point about 40 feet from the crossing and a considerable distance to the north, and the further fact that the boxcars were of the same height as the engine, indicate that the engineer, until he had practically reached the south end of the string of cars, could not have seen the approach of decedent's automobile. The engineer was required to exercise ordinary care to control and operate his train, taking into account the presence of the string of cars, together with the other circumstances in evidence. Whether he did so was a question of fact. It was not a question of law.

■ In the instant case the combination of natural and man-created obstructions to vision was a proper matter for consideration, together with all the other circumstances in the case, in determining whether defendant in this situation was guilty of negligence proximately causing the death of decedent.

■■ The fact that defendant gave the signals required by statutory law did not prove, as a matter of law, that it was not guilty of any negligence for which plaintiff could recover, in view of all of the evidence, including that showing the presence of the string of boxcars placed in such a position that a traveler approaching from the west might not see defendant's train coming from the north until he was upon or very near the track. New York, Chicago & St. Louis R. Co. v. First Trust & Savings Bank, 198 Ind. 376, at page 385, 153 N.E. 761.

In Pittsburgh, Cincinnati, Chicago & St. Louis R. Co. v. Terrell, 177 Ind. 447, at page 455, 95 N.E. 1109, at page 1112, 42 L.R.A.,N.S., 367, the court said:

"A railroad company at common law is under a duty, in the operation of its trains over highway crossings,

of using reasonable and ordinary care to avoid injury to travelers at and on highways which are intersected by its tracks. The statute requiring the giving of signals of the approach of trains to crossings is said to be the expression of the minimum care required."

In the exercise of reasonable and ordinary care an engine crew approaching a highway crossing might not as a matter of fact be justified in conforming to the minimum statutory requirements of sounding a whistle and ringing a bell, but, in view of all of the circumstances, might be required to exercise the maximum quantum of care required of them. What might be reasonable care at one crossing might not be reasonable at another and more dangerous crossing. Pittsburgh, Cincinnati, Chicago and St. Louis R. Co. v. Bunting, 84 Ind.App. 45, at page 48, 149 N.E. 916.

Defendant's brief states that the proposition before us is, "does the evidence in the record most favorable to the Plaintiff present a fact picture from which the jury might reasonably determine that the Defendant did not operate its train in a reasonable and prudent manner under the circumstances then existing." Our answer is, Yes. Also, we might add, a jury might reasonably find to the contrary. In short, whether defendant was negligent was a jury question.

2. Decedent was required to exercise reasonable care in looking and listening for approaching trains and in other respects, while operating his automobile. His duty, like the defendant's, depended upon the existing circumstances. This is not a case where it can be said that the decedent was chargeable as a matter of law with seeing a train which would have been visible to him had he looked. We cannot say, as a matter of law, that decedent was required to anticipate that a southbound train would be operated toward the crossing from behind an obscuring string of boxcars at a speed which would make it impossible for the engineer, after decedent's automobile came within the engineer's line of vision, to avoid a collision between the locomotive and the automobile. Hellard v. Baltimore & Ohio R. R., 7 Cir., 131 F.2d 145, 147.

▌ Under the law of Indiana the burden is upon the defendant to establish the contributory negligence of decedent. See Heiny v. Pennsylvania R. Co., 221 Ind. 367, 374, 47 N.E.2d 145; and Dommer v. Pennsylvania R. Co., 7 Cir., 156 F.2d 716.

▌ We conclude that the district court was not justified in concluding, as a matter of law, at the close of plaintiff's case, that decedent was guilty of contributory negligence.

For the reasons hereinabove set forth, the judgment of the district court is reversed and this cause is remanded to that court for a new trial.

FINNEGAN, Circuit Judge, dissents.