339 F.2d 964
 Albert E. PRATT, Plaintiff-Appellant,
v.
The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.
Linnie R. TAYLOR, Plaintiff-Appellant,
v.
The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.
John H. ALTMEYER, Plaintiff-Appellant,
v.
The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.
 No. 14574.
 United States Court of Appeals Seventh Circuit.
 December 4, 1964.
 
 William D. Ruckelshaus, Indianapolis, Ind., Ruckelshaus, Bobbitt & O'Connor, Indianapolis, Ind., of counsel, for appellants.
 John H. Caress, John E. Hurt, Martinsville, Ind., John A. Stocker, Indianapolis, Ind., for appellee.
 Before HASTINGS, Chief Judge, and KNOCH and MAJOR, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 The plaintiffs, Albert E. Pratt, Linnie R. Taylor and John H. Altmeyer, are all parents of minor children, four of whom were passengers in an automobile, operated by the fifth minor, on Stop 8 Road, a public highway, in Marion County, Franklin Township, Indiana, which intersects the tracks of the defendant, the New York Central Railroad Company. This automobile collided with defendant's train and all five of the minors were killed.
 
 
 2
 This action was brought to recover damages for the alleged negligence of the defendant in the operation of its train. It is plaintiffs' theory that under all the circumstances of this case, the defendant was operating its train at an excessive rate of speed.
 
 
 3
 The circumstances to which plaintiffs refer include the following: the markedly increasing population of Franklin Township; the proximity of a high school with an enrollment of about 500 students, many of whom crossed this intersection twice daily, who were released from classes at about 2:40 p. m. daily, at which time, this train, a daily, usually had already passed this intersection, but which on the day of the accident was a few minutes late; the 45° angle intersection of the much traveled road and the track, and a weed covered mound which might have obscured the view of the oncoming train.
 
 
 4
 The District Court sustained a motion for directed verdict in favor of defendant at the close of the plaintiffs' evidence, and this appeal followed.
 
 
 5
 The evidence is clear that the automobile in which the decedents were all traveling had approached the tracks and come to a stop. It then proceeded across the tracks in the path of the approaching train. Defendant's engineer, Verna Zander, the sole survivor of the accident, testified that the train was about 900 feet from the crossing when he first saw the decedents' automobile stopped near the tracks, and about 500 feet from the crossing when the automobile began to move onto the tracks.
 
 
 6
 There was uncontroverted evidence that the train and crew gave all statutory warnings and complied with all statutory requirements.
 
 
 7
 Florabel Willsey, an eyewitness to the accident, in an automobile directly behind the decedents' automobile, heard the train whistle, knew a train was approaching, and stopped for it. She testified that the decedents' automobile was stopped ahead of her.
 
 
 8
 Plaintiffs contend that the issue of contributory negligence was one for the jury, that the contributory negligence of the driver, if any, could not be imputed to the other four passengers, and that the case should have gone to the jury.
 
 
 9
 As the Trial Judge noted in announcing his decision, there was a slight conflict in evidence as to the speed of the train, the engineer stating that his speedometer showed 79 miles per hour, and the Railroad having stated in answer to an interrogatory that the speed was 80 to 81 miles per hour, with its own self-imposed speed limit at 79 miles per hour. The Trial Judge did not think this difference was significant. Nor did he consider that the time of applying the brakes was relevant in the light of the circumstances as disclosed by the evidence. We agree.
 
 
 10
 We must conclude as did the District Judge that the sole proximate cause of the accident was the stopping of the decedents' automobile at the crossing, as required by Indiana statute [Burns' Ind.Stat.1952 Replacement, § 47-2114, Acts 1939, Ch. 48 § 100, p. 289], and then proceeding across the tracks. Considering the evidence presented and all reasonable inferences which might be drawn from it in the light most favorable to plaintiffs, we find no evidence from which the jury could have found the defendant guilty of negligence as to any of the decedents. The facts were such that reasonable men could draw only one inference, and the question of proximate cause became a question of law for the Court. The District Court properly directed a verdict for the defendant. Martin v. United Moving & Storage Co., 7 Cir., 1959, 262 F.2d 596, 598 and cases there cited. The judgment of the District Court must be affirmed.
 
 
 11
 Affirmed.
 
 
 12
 MAJOR, Circuit Judge (dissenting).
 
 
 13
 In my judgment, it cannot be said as a matter of law that there was no negligence on the part of the defendant or that negligence on the part of the car driver was the sole proximate cause of the collision. I shall state briefly my reasons therefor.
 
 
 14
 In Miller v. Pennsylvania Railroad Company, 2 Cir., 233 F.2d 535 (an Indiana case), this Court reversed a directed judgment in favor of the railroad in a crossing case. After citing and quoting from Indiana cases, we stated (page 538):
 
 
 15
 "In the exercise of reasonable and ordinary care an engine crew approaching a highway crossing might not as a matter of fact be justified in conforming to the minimum statutory requirements of sounding a whistle and ringing a bell, but, in view of all of the circumstances, might be required to exercise the maximum quantum of care required of them. What might be reasonable care at one crossing might not be reasonable at another and more dangerous crossing."
 
 
 16
 Decedents' car was traveling east and defendant's train southeast as they approached the intersection. The highway and the railroad intersected at an acute angle of 45 degrees, the train approaching the intersection from one side and the car from the other side of this angle. There were double tracks at the intersection and a car traveling east, as was decedents', would have passed over one pair of tracks before reaching those on which defendant's train was traveling. There was evidence that in this acute angle between the highway and the railroad was a hill, an embankment or mound on which were growing brush and weeds both on and off defendant's right-of-way, which constituted an obstruction to a view of the approaching train.
 
 
 17
 Witness Willsey who was following decedents' car and witnessed the collision testified that the embankment obstructed her view of the approaching train and she could not see it until it was directly in front of her, inferably at the instant of the collision. She also testified that decedents' car was being driven carefully and stopped before entering the intersection. Witness Fisher who was familiar with the crossing testified that because of the obstructions and the nature of the angle at which the railroad intersected the highway, it would be necessary for a person traveling east on the highway to get almost on the first track before a train could be seen approaching from the left.
 
 
 18
 This was a highly dangerous crossing because of the angle of the intersection and the obstructions which prevented a person on the highway from seeing an approaching train, and it seems plain that it was a situation with which the defendant was familiar. More than that it was aware of a school located near the crossing which was dismissed at about the same time the train was scheduled to arrive at the crossing, and that some two or three hundred pupils used this crossing to reach their homes on the other side of the tracks.
 
 
 19
 Defendant's engineer testified that his train was traveling 80 miles per hour as it approached the intersection and that when about 900 feet from the intersection he first saw decedents' car, which was stopped; that when his train was 500 feet, the car proceeded across the track and in front of the train. Thus, when he first saw the car, according to my calculation, the train was less than 8 seconds from the intersection, and when he saw the car start to move, it was less than 4 seconds away.
 
 
 20
 A jury could well infer that the driver of decedents' car approached the intersection in a careful and cautious manner, obeying the Indiana stop law. It is inferable, in fact there is evidence, that at that point obstructions would have prevented him from seeing the approaching train even though it was only 500 feet away (traveling time, 4 seconds). The exercise of reasonable and ordinary care on his part under the surrounding circumstances cannot be determined as a matter of law; it is a question for the jury.
 
 
 21
 Thus, it is my view that a submissible issue was presented and that the Court erred in directing a verdict in favor of defendant. I would reverse and remand for a new trial.