HEINY, ADMINISTRATRIX, *v.* PENNSYLVANIA RAILROAD COMPANY.

[No. 27,828. Filed March 19, 1943. Rehearing denied April 15, 1943.]

*Landis & Hanna*, of Logansport, for appellant.

*Harker & Irwin*, of Frankfort, *Arthur & Tuberty*, of Logansport, and *McClure & Shenk*, of Kokomo, for appellees.

SHAKE, J.—This is an action for the alleged wrongful death of Harry Heiny, resulting from a collision between a truck which he was driving and a locomotive operated by the appellees over a highway crossing. At the conclusion of all the evidence, the trial court instructed the jury to return a verdict for the defendants. The giving of this instruction is the only error relied upon by the appellant.

One of the charges of negligence contained in the complaint was that the appellees failed to give the signals required by §§ 55-1243, 55-1244, Burns' 1933, §§ 14557, 14558, Baldwin's 1934, as the train approached the crossing. It is conceded that there was evidence to sustain this charge, but the appellees assert that it affirmatively appeared that the plaintiff was guilty of contributory negligence as a matter of law.

The appellees rely upon a statute, in effect at the time of the accident, which provided:

> "It shall be unlawful for any person, when transporting any explosive or highly inflammable material, substance or liquid, by means of a motor or other vehicle, on or along any public highway which crosses any steam or interurban railroad, to cross or drive upon the track or tracks of such railroad unless such person shall first bring such vehicle to a full stop, and, shall ascertain definitely

that no train, car or engine is approaching such crossing and is in such close proximity thereto as to create a hazard or danger of a collision. The provisions of this act shall not apply to railroad crossings which are equipped with mechanical traffic signals or crossings at which flagmen are stationed." Acts 1937, ch. 241, § 1, p. 1161, § 10-1909, Burns' 1942 (Replacement, § 2976-1, Baldwin's 1937 Supp.

There was undisputed evidence that the decedent was operating a motor truck containing gasoline, but no evidence that he did or did not take the steps required by the above statute, before driving upon the crossing. The appellees seek to invoke an application of the doctrine of *res ipsa loquitur*. They assert that the collision could not have happened without a violation of the statute by the decedent and, therefore, that the fact of the occurence conclusively established contributory negligence as a matter of law. This appears to be the theory upon which the verdict was directed against the appellant. In overruling the motion for a new trial the judge rendered a written opinion in which he said:

"If we assume that Mr. Heiny exercised the highest degree of care before he attempted to cross the railroad track and that he did everything that a reasonably careful and prudent man would have done under the circumstances, then existing, even that, in my opinion, would not be equivalent to his having definitely ascertained that there was no hazard or danger of a collision before he attempted to cross, the Statute requiring him to be absolutely sure. In other words, he was required to know that there was no danger of a collision . . . . It is self-evident that if he had complied with the Statute, there would have been no collision regardless of what the railroad company did. I am, therefore, forced to the conclusion as a matter of law, that Mr. Heiny was guilty of contributory negligence . . . ."

We recognize, of course, that the question before us is whether the direction of the verdict was justified, and that we are not limited to a review of the considerations that moved the trial court. The opinion of the presiding judge is quoted merely to show the theory which the court below adopted and upon which the appellees rely.

The appellees' theory with respect to the construction and application of the statute upon which they rely will first be considered. The troublesome part of the act is the provision that undertakes to impose upon the operator of a motor vehicle transporting explosives or highly inflammable substances, the unconditional burden to "ascertain definitely that no train, car or engine is approaching . . . in such close proximity . . . as to create a hazard or danger of a collision" before going upon a railroad or interurban track at a public highway crossing. Under a strict interpretation of the act, the operator of such a vehicle is, in effect, an insurer of his own safety. He may not place any dependence upon the observance of the statutes requiring headlights on moving locomotives in the nighttime, or the giving of required signals as such instrumentalities approach highway crossings. The impracticability of imposing such burdens upon the operator are well illustrated by the observations of Mr. Justice Cardozo in the case of *Pokora* v. *Wabash R. Co.* (1934), 292 U. S. 98, 78 L. Ed. 1149, 54 S. Ct. 580, 91 A. L. R. 1049. See also the editorial comment at the conclusion of the annotation in 56 A. L. R. 653, 654, 655.

That it was within the purview of the Legislature to make it a public offense for operators of motor vehicles to transport inflammables and explosives over railroad crossings without exercising more than ordinary care cannot be doubted. Whether such

a violation constitutes contributory negligence as a matter of law is quite another matter. In this State we recognize no degrees of actionable negligence other than that which results from the failure or refusal to exercise ordinary care. *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737, 32 L. R. A. 1171; *Lake Erie & Western R. Co.* v. *Ford* (1906), 167 Ind. 205, 78 N. E. 969. This has long been the settled law of this jurisdiction and it will be presumed that the Legislature was cognizant of that fact when it enacted the statute. Under these circumstances, we will not ascribe to the General Assembly an intent to establish a different standard of conduct for determining contributory negligence than that which obtains when the question of negligence is in issue. It is to be remembered that we are not here dealing with a statute that undertakes to create a new right of action or to take away one that previously existed. This is basically a common-law action and the legal duty resting on the decedent is for the determination of the court. We hold, therefore, that the decedent's conduct, like that of the appellees, is to be measured by the standard of ordinary care. It will not be presumed that the decedent was guilty of contributory negligence merely because there was a collision between his truck and the locomotive.

The appellant stands upon the proposition that where a plaintiff makes out a prima facie case of actionable negligence, and the defendant has the burden of proof on the issue of the plaintiff's contributory negligence, and a determination of that issue involves the credibility of witnesses and rests upon inferences and deductions to be drawn from facts proved, it is an invasion of the province of the jury for the court to direct a verdict for the defendant.

Under our law the burden is upon the defendant to establish the contributory negligence of the plaintiff, though it need not be affirmatively pleaded. Acts 1899, ch. 41, § 1, p. 58, § 2-1025, Burns' 1933, § 129, Baldwin's 1934. Such burden is no different in character than that which rests upon a plaintiff to establish negligence on the part of the defendant. The limitation on the power of the trial court to direct a verdict for the defendant on the issue of the plaintiff's contributory negligence is necessarily the same as that which would apply to the direction of a verdict for the plaintiff on the issue of the defendant's negligence. Consistency compels the conclusion that there may be no such direction in any case where the determination of the question in issue depends upon conflicting evidence or the credibility of witnesses. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613; *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25, 62 N. E. 1028. In *Collins* v. *Catholic Order of Foresters* (1909), 43 Ind. App. 549, 88 N. E. 87, Rabb, J., speaking for the court, said at p. 559:

> "It has been decided by this court that a peremptory instruction in favor of one having the burden of the issue can never properly be given when the verdict must be wholly or partially based upon the testimony of witnesses."

While recognizing the existence of the above cases, and many others of like import that might be added to the list, the appellees assert that the law ought to be that the trial court should direct a verdict for the defendant when, upon the same evidence, it would not permit one for the plaintiff to stand. *Weis* v. *The City of Madison* (1881), 75 Ind. 241, 254, 39 Am. Rep. 135, is cited as stating the sound rule. It was there said that, "A judge is not bound to submit a question to a

jury, where their verdict, if contrary to his views of the testimony and its legal effect, would be certainly set aside, as clearly against the law and the evidence." Standing alone, this general statement might seem to support the appellees' theory, but immediately thereafter the court placed the following limitation on the above language:

"Courts do not, however, undertake to weigh evidence for the purpose of ascertaining in whose favor it preponderates, nor do they undertake to pass upon questions affecting the credibility of witnesses. In short, they interfere only in cases where it is manifest that there is no evidence upon which a verdict could legally rest."

In *Diezi* v. *Hammond Co.* (1901), 156 Ind. 583, 588, 60 N. E. 353, this court said:

"At the conclusion of the appellant's (plaintiff's) evidence in chief, the court refused to take the case from the jury. If the evidence for the defense satisfied the court that appellant ought not to recover and that a verdict for appellant ought to be set aside as being contrary to the weight of the evidence, it was not the court's province to instruct the jury to return a verdict for appellee. It is only when the plaintiff fails to make a case, so that it would be the duty of the trial court or of a higher court to set aside the verdict as not being supported by any competent evidence on some material point, that a verdict for the defendant should be directed."

We conclude that the question as to whether the decedent was guilty of contributory negligence was for the determination of the jury, and that the trial court erred in directing a verdict for the appellees on that issue.

The judgment is reversed, with directions to sustain

the appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 47 N. E. (2d) 145.