THE NEW YORK CENTRAL RAILROAD
COMPANY *v.* GLAD.

[No. 30,202. Filed January 29, 1962.]

*Marvin A. Jersild,* of Chicago, Illinois, *Owen W. Crumpacker, Theodore M. Gemberling, Lowell E. Enslen,* and *Crumpacker, Gemberling & Enslen,* of Hammond, for appellant.

*Spangler, Jennings & Spangler, Ronald T. Spangler,* of Gary, and *Chester, Clifford, Hoepner & Horan,* of Valparaiso, for appellee.

BOBBITT, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement.[1] See: *New York Central Railroad Company* v. *Glad* (1959), 163 N. E. 2d 131 for opinion of the Appellate Court.

This is an action for personal injuries and property damage allegedly sustained at a railroad crossing where Liverpool Road crosses appellant's tracks near the Town of East Gary, in Lake County, Indiana.

Appellant, in its answer to the complaint, alleged the plaintiff-appellee himself was guilty of negligence which was the proximate cause of his alleged injuries and property damage.

Trial was by jury which returned a verdict for plaintiff-appellee in the sum of $6,000, judgment accordingly. From the overruling of appellant's motion for a new trial this appeal is prosecuted.

Appellant concedes that the evidence on the issue of whether the bell and whistle on its locomotive were sounded was conflicting, and that such issue, on appeal, must be resolved in appellee's favor.

The determinative question here presented is: Was appellee guilty of contributory negligence as a matter of law?

---

1. This case was reassigned to the writer on November 16, 1961.

The question of contributory negligence is one of fact for the jury when the evidence with respect thereto is in dispute or is conflicting, or is such that different minds may reasonably draw different conclusions or inferences therefrom. However, where but one reasonable conclusion or inference can be drawn from the evidence, the question of contributory negligence is one of law for the court. 21 I. L. E., Negligence, §205, p. 431, and cases there cited.

The evidence pertinent to the issue of contributory negligence may be summarized as follows:

Appellee was approximately 41 years of age at the time of the accident. He was in good physical condition and apparently possessed of unimpaired eyesight and hearing.

The accident occurred about 1:15 o'clock in the afternoon of March 11, 1953. The day was clear with only a few clouds in the sky, and the sun was shining at the time of the accident.

Liverpool Road runs in a north and south direction and crosses the tracks of appellant at right angles and at grade. Appellant's tracks run approximately east and west at the point where they cross Liverpool Road, with a slight angle to the north and southwest.

Appellee operates a cement block plant about 170 feet west of Liverpool Road. Access to the plant is afforded by a private sand road running about 45 to 50 feet north of the north rail of appellant's main track and parallel with the track except where it angles slightly to the northwest as it approaches the intersection with Liverpool Road.

On the day of the accident appellee was driving his two and a half ton, six-wheel truck eastward down

the private sand road to its intersection with Liverpool Road. When appellee boarded the truck he looked towards the tracks and could see the "tower", which was at the intersection of appellant's tracks with those of the Pennsylvania Railroad about 225 feet west of Liverpool Road.

Appellee was sitting on the left side of the cab of the truck and as he drove it towards Liverpool Road he looked through the right window of the cab of the truck towards the tracks on two different occasions, but testified that he "saw nothing during that period of time."

He stopped the truck when it reached Liverpool Road where an automobile was coming from the north and another automobile was approaching from the south. Appellee waited for the southbound automobile to pass and then pulled the front wheels of the truck out on to Liverpool Road where he again came to a stop. He made no other stop before the accident.

At the time appellee pulled the front wheels of his truck on to Liverpool Road and stopped, he was about 25 feet from the track where he was struck by the train. Appellee testified that at this point he could not see to the west through the rear view mirror of his truck "because of the kind of dump body on the truck" and that in looking through the right window he "was looking more south than west."

In describing "what happened" when he came to the intersection of Liverpool Road and his driveway, appellant testified, on direct examination, as follows:

> "Well, when I got to Liverpool Road I had to stop there for a little bit, and by being in the cab —I have an 8-foot bed on that truck—I have those mirrors on my truck about that wide. (Indicating)

You can see behind the truck but you can't see off to the right. I looked out the window but I couldn't, I was so far, right on the road at an angle, I couldn't even see the tower. [Down the tracks approximately 200 feet west.] I know that because I tried it afterward to see just how I could see."

At the point where appellee stopped his truck to make a right turn onto Liverpool Road there was an unobstructed view down appellant's tracks of approximately 760 feet to the west, and this view was not obstructed by other train movements or any other diversionary objects over the entire distance of 45 feet on Liverpool Road from where the truck first stopped to the appellant's tracks.

Appellee further testified that when he drove off the sand road onto Liverpool Road he was about 25 feet from the track and facing east, and that he looked to the east and to the west but saw no trains, and that after he attempted to look but could not see, he "started up again." That he couldn't see west but could see southwest "to the right" because the dump body of the truck obstructed his view to the west. Appellee further testified that after he had gone twelve or fourteen feet on Liverpool Road he looked to the right but saw no trains coming; that he "couldn't look down the tracks" but could only "look across them" because the dump body of the truck obstructed the view; and that he really didn't know whether he looked for trains at any time after he started the truck following his stop when he entered Liverpool Road.

The evidence is undisputed that appellee could not see down the railroad tracks to the west, the direction from which the train was coming, but could only

look southwest because of the kind of dump body he had on the truck.

There is undisputed evidence that appellee's truck was clearly visible to the fireman when the engine was just west of the cross-over of the Pennsylvania tracks, some 225 feet west of the crossing; that appellee's truck was at that time halfway between the "block plant" and Liverpool Road; and that when appellee's truck crossed over a switch track just north of appellant's main track, the "front end of the engine" was within a few feet of the road and was travelling approximately twenty miles per hour.

The train involved in the accident consisted of an engine and coal tender, seven freight cars and a caboose. As it approached the Liverpool Road crossing its speed was twenty miles per hour, and appellee was travelling at a rate of ten to fifteen miles per hour.

Appellee testified that he had operated the cement plant for five years, that he knew the location of the tracks, had driven over them once or twice a week for six months, that three to five of appellant's trains cross over the track every day, and that when he drove out onto the sand road the day of the accident he knew that a train might be coming from the west.

Appellant asserts that plaintiff-appellee, Glad, is guilty of contributory negligence as a matter of law because he failed to stop within not more than fifty feet and not less than ten feet from the nearest track as he approached the railroad crossing, when a train was visibly approaching in hazardous proximity to the crossing, in violation of Acts 1939, ch. 48, §100, p. 289, being §47-2114, Burns' 1952 Replacement.

There is no conflict in the evidence here as to whether or not the statute was violated.

Plaintiff-appellee, Glad, admits that he failed to stop after he turned south on Liverpool Road; that while he was travelling east on the sand road parallel to the tracks he could see "west and down the tracks 25 to 50 feet west of Liverpool" but after he turned south on Liverpool Road he did not look to the west because he could not see west "down the tracks" but could only see across them because "the dump body of the truck obstructed the view."

It is conclusively shown by undisputed evidence that plaintiff-appellee violated the duty prescribed by §47-2114, *supra*, by proceeding onto the crossing when appellant's train was "plainly visible" and in "hazardous proximity to the crossing" and before he could "do so safely."

Generally, the violation of a duty prescribed by statute or ordinance is negligence *per se* or as a matter of law. *Northern Indiana Transit, Inc.* v. *Burk et al.* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905, 17 A. L. R. 2d 572; *Hayes Freight Lines, Inc. et al.* v. *Wilson* (1948), 226 Ind. 1, 5, 77 N. E. 2d 580; *Indiana, Bloomington and Western Railway Company et al.* v. *Barnhart* (1888), 115 Ind. 399, 16 N. E. 121; *Prest-O-Lite Company* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A, 474; *Rimco Realty & Investment Corporation* v. *LaVigne et al.* (1943), 114 Ind. App. 211, 50 N. E. 2d 953; *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 398, 98 N. E. 2d 896; *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 261, 264, 69 N. E. 2d 619; *Grand Trunk Western R. Co.* v. *Briggs* (1942), 112 Ind. App. 360, 369, 42 N. E. 2d 367.

Exceptions to this general rule have been recognized in Indiana where compliance with the provisions of the statute or ordinance was impossible or non-compliance was excusable. Under such circumstances such violation becomes, in effect, nothing more than prima facie evidence of negligence. *Larkins* v. *Kohlmeyer, supra* (1951), 229 Ind. 391, 399, 98 N. E. 2d 896; *Northern Indiana Transit, Inc.* v. *Burk et al., supra* (1950), 228 Ind. 162, 173, 89 N. E. 2d 905, 17 A. L. R. 2d 572.

It is not contended that the violation herein comes within any of the exceptions to the general rule. It is suggested, however, that we must be controlled in the present case by the ruling of this court in *Heiny, Admx.* v. *Pennsylvania R. Co.* (1943), 221 Ind. 367, 47 N. E. 2d 145. In that case the only error assigned was the giving of an instruction, at the close of all the evidence, to return a verdict for the defendants.

Appellees there asserted that plaintiff was guilty of negligence as a matter of law because he failed to observe the provisions of a statute requiring any person transporting explosives or other highly inflamable material to bring the vehicle to a full stop and "ascertain definitely that no train, car or engine is approaching such crossing and is in such close proximity thereto as to create a hazard or danger of a collision."[2]

There was no evidence in the Heiny case that decedent did, or did not, take the steps required by the statute before driving upon the crossing. The appellees under these circumstances sought to invoke the doctrine of *res ipsa loquitur* asserting that the collision could not have happened without a violation of the statute by the decedent and, therefore, the fact of the

---

2. Acts 1937, ch. 241, §1, p. 1161, being §10-1909, Burns' 1956 Replacement.

occurrence conclusively established contributory negligence as a matter of law.

The question before the court in that case was whether the direction of the verdict was justified. In answer to that question this court held that there could be no direction of the verdict either in a case involving negligence or contributory negligence, where the determination of the question depends upon conflicting evidence or the credibility of witnesses.

In refusing to apply the rule of *res ipsa loquitur* to the factual situation presented in the Heiny case this court, at page 373 of 221 Ind., said:

> "We hold, therefore, that the decedent's conduct, like that of the appellees, is to be measured by the standard of ordinary care. It will not be presumed that the decedent was guilty of contributory negligence merely because there was a collision between his truck and the locomotive." And, further, at page 375 of 221 Ind.:

> "We conclude that the question as to whether the decedent was guilty of contributory negligence was for the determination of the jury, and that the trial court erred in directing a verdict for the appellees on that issue."

That case is distinguishable from the present case in that in the Heiny case there was no evidence—no facts pertaining to the violation of the statute were shown—and under this state of the record it could not be said that the facts establishing the violation of the statute were undisputed and that but one inference or conclusion could be drawn therefrom. Hence, under such circumstances, the question of whether the statute had been violated was one of fact for the jury to determine and this court correctly

held that the giving of an instruction for a directed verdict was reversible error.

In *Dommer* v. *Pennsylvania R. Co.* (1946), 7 Cir., 156 F. 2d 716, there also was no evidence as to whether the decedent did or did not stop within the distance prescribed by the statute, and this case is distinguishable from the one here at bar for the same reason as is the Heiny case.

In *New York, Chi., etc. R. R. Co.* v. *Henderson* (1958), 237 Ind. 456, 146 N. E. 2d 531, 147 N. E. 2d 237, the evidence was clearly in conflict on the question of whether the statute had been violated, and this case furnishes no authority under the undisputed facts in the present case.

In the present case the evidence is undisputed that appellee could not see down the tracks to the west because "the dump body of the truck obstructed the view", and that he proceeded onto the crossing when an approaching train was "plainly visible and in hazardous proximity to such crossing", and when he could not "do so safely." Here only one reasonable inference can be drawn from the evidence in the record, and there is no room for reasonable minds to differ upon consideration of the facts, and under such circumstances whether appellee-Glad's violation of the statute was negligence as a matter of law is a question for the court. *Jones* v. *Cary* (1941), 219 Ind. 268, 284, 37 N. E. 2d 944; *Wabash R. Co.* v. *Gretzinger* (1914), 182 Ind. 155, 168, 104 N. E. 69; *Town of New Castle* v. *Grubbs* (1908), 171 Ind. 482, 498, 86 N. E. 757.

In our judgment the present case does not fall within any of the exceptions noted. Hence, it must be decided in accordance with the general rule as above

stated and as ably stated in *The Indiana, Bloomington and Western Railway Co. et al.* v. *Barnhart, supra* (1888), 115 Ind. 399, at page 409, 16 N. E. 121, as follows:

"[T]he general rule is, that where an obligation is imposed by a statute, it is negligence *per se* to disregard the obligation thus imposed, and, if injury is thereby inflicted, the party disregarding the statute is liable."

We reaffirm this rule.

It is also the general rule that "a violation of a statute enacted for reasons of safety is negligence *per se*, or negligence as a matter of law." *Northern Ind. Transit, Inc.* v. *Burk, supra* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905, 17 A. L. R. 2d 572.

However, negligence *per se* or as a matter of law does not necessarily mean liability *per se.*

Violation of the statute herein does not *per se* make appellee guilty of contributory negligence, but the negligence for which he is responsible must either be the proximate cause of his injuries or it must proximately contribute thereto. *Huey* v. *Milligan* (1961), 242 Ind. 93, 175 N. E. 2d 698, 703; *Hayes Freight Lines* v. *Wilson, supra* (1948), 226 Ind. 1, 6, 77 N. E. 2d 580, 77 N. E. 2d 585.

Unless appellee's negligence in failing to stop under the conditions and within the time prescribed by statute has some causal connection with his injury, it cannot be said that he was guilty of contributory negligence.

The facts here are undisputed and in our judgment are such as support the sole conclusion that if ap-

pellee had exercised the care required by the statute his injury would not have occurred.

The statute here imposes an extra duty upon travelers on the highway for their safety and protection, and under the circumstances here it may be concluded that appellee would not have been injured if he had obeyed the requirements of the statute and that his failure to exercise the care required of him under the circumstances proximately contributed to his injury.

Failure of the train crew to give the statutory signals as the train approached the crossing did ■ not relieve appellee from exercising the care required of him under the statute.

Where, as here, there is no dispute concerning whether the plaintiff has violated a statute or ordinance, and it is clearly apparent that his in- ■ jury would not have occurred had he observed the requirements of the statute, it may be concluded that his failure to observe such requirements was a substantial factor in producing the injury, and he is guilty of contributory negligence as a matter of law.

For the reasons hereinabove stated the trial court erred in overruling the motion of defendant-appellant for a directed verdict made at the close of all the evidence.

The other questions raised are not discussed because they are not likely to occur on a retrial.

The judgment of the trial court is reversed with instructions to grant appellant's motion for a new trial.

Judgment reversed with instructions.

Achor, C. J., and Arterburn, J., concur.

Jackson, J., dissents with opinion.

Landis, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—The opinion of the Appellate Court, reported in 163 N. E. 2d 131 carefully considers and exhaustively treats all matters here in issue. Rather than encumber the record with a voluminous review of the points and authorities there considered and discussed, I adopt the Appellate Court opinion as my dissent herein.

### DISSENTING OPINION

LANDIS, J.—The majority opinion states that:

"It is conclusively shown by undisputed evidence that plaintiff-appellee violated the duty prescribed by [Burns'] §47-2114, . . . by proceeding onto the crossing when appellant's train was 'plainly visible' and in 'hazardous proximity to the crossing' and before he could 'do so safely.'"

In support of this statement the opinion cites plaintiff's-appellee's testimony on cross-examination that after he turned south on Liverpool road he did not look to the west because he could not see west down the tracks but could only see across them because the dump body of his truck obstructed the view.

However, the majority opinion omits any reference to plaintiff's-appellee's testimony on direct examination, which was as follows:

"Q. Did you look after you started to make your turn [south on Liverpool Street]? Did you look to your left down the track? A. After I made

the turn I was concentrating on getting across the track then.

"Q. After you made your second stop? A. Yes.

"Q. Did you look down the track east? A. Yes.

"Q. Did you look to the right or to the west? A. Yes, I did.

"Q. Did you see anything? A. No, sir."

The conflicting nature of this evidence is further discussed in the Appellate Court's opinion in 163 N. E. 2d, beginning at page 136.

While the plaintiff's-appellee's evidence was obviously weak, it is not the province of this Court on appeal to weigh conflicting evidence or to pick out therefrom such testimony as may show plaintiff's-appellee's contributory negligence as a matter of law. The law is well settled that it is only in cases where the evidence is without conflict and but a single inference can be drawn therefrom that the reviewing court can say as a matter of law that a course of conduct shown constitutes contributory negligence. 2 I. L. E., Appeals, §574.

As stated by Judge Gilkison in this Court's opinion in *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 199, 106 N. E. 2d 453, 462, 108 N. E. 2d 57, quoting from *Heiny, Admx.* v. *Pennsylvania R. Co.* (1943), 221 Ind. 367, 374, 47 N. E. 2d 145, 147:

> " 'Under our law the burden is upon the defendant to establish the contributory negligence of the plaintiff, . . . . Such burden is no different in character than that which rests upon a plaintiff to establish negligence on the part of the defendant.' "

I concur with the opinion of the Appellate Court that the evidence in this case was sufficient to take the case to the jury.

I would affirm the judgment.

NOTE.—Reported in 179 N. E. 2d 571.