**Frederick Z. GOOSMAN, to his own use and to the use of Royal Indemnity Company, a body corporate, Appellant,**

**v.**

**A. DUIE PYLE, INC., a body corporate, Appellee.**

**No. 9327.**

United States Court of Appeals Fourth Circuit.

Argued June 23, 1964.

Decided Sept. 3, 1964.

Melvin J. Sykes and Paul Berman, Baltimore, Md. (Paul M. Higinbothom, Baltimore, Md., and Rose Rothenberg, New York City, on brief), for appellant.

John F. King, Baltimore, Md. (Frank J. Vecella and Anderson, Coe & King, Baltimore, Md., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and MICHIE, District Judge.

PER CURIAM.

In this automobile collision case on the first appeal we questioned only the trial court's refusal to order production of certain accident reports made by the defendant-appellee's driver. Goosman v. A. Duie Pyle, Inc., 320 F.2d 45, 53 (4 Cir. 1963). The ruling was innocuous if, as Judge Boreman patly put it in the opinion, "the reports are factually consistent with the [driver's] testimony at the trial, and in deposition". We remanded with directions to the District Court to inspect the reports and "ascertain whether any significant discrepancies exist which would warrant a new trial". If none, the Court should re-enter judgment for appellee in accordance with the verdict, but in the event there were material differences, a new trial should be ordered.

After a painstaking consideration of all the reports, as supplemented with testimony relating to consistencies and inconsistencies, the District Judge found no substantial disparities between the oral and written avowals of the driver and, conformably, again entered judgment for the defendant-appellee.

Reiteration of the facts in this case is saved by the precise narrative in the first opinion. Nor would it be profitable to detail the contents of the reports and mark wherein they may agree or disagree with the testimony. It is enough to say that a review of the statements reveals that there are parts of them, as well as of the testimony, which the jury might have thought needed explanation, and therefore the writings should have gone to the jury.

For instance, the driver might be said to have been more expansive in his oral evidence than in his statements in dealing with the lights and reflectors along the side of the trailer. As importantly, the statements might be argued as not containing the exposition given at trial of the movement of the tractor, while waiting in the crossover, from the southern-inside edge of the westbound-Baltimore lanes to the middle dividing line. Differences could be urged in respect to the number of vehicles whose passage westwardly prevented an earlier completion by the driver of his turn into those lanes. There were other variations in the several accounts which, by themselves, might well be immaterial but should be given the jury so as to present completely the trustworthiness of this witness.

These allusions to parts of the testimony or statements are merely to example the grounds for our decision that the jury should hear the reports. Even as to these portions, we do not mean to say the jury should or would find diversities. To repeat, we simply leave this determination to the triers of fact.

The judgment for the defendant-appellee will be vacated and the action remanded for a new trial.

Reversed and remanded.