**Barbara KISH, Administrator of the Estate of Louis Kish, Deceased, Plaintiff-Appellant,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellee.**

**No. 17877.**

United States Court of Appeals, Seventh Circuit.

May 25, 1970.

Rehearing Denied June 16, 1970.

Fred M. Stults, Jr., Gary, Ind., Albert C. Hand, Hammond, Ind., for plaintiff appellant.

Russel H. Hart, Lafayette, Ind., Charles G. Bromberger, Hammond, Ind., for defendant appellee. James V. McGlone, Stuart, Branigin, Ricks & Schilling, Lafayette, Ind., Friedrich, Bomberger, Tweedle & O'Connor, Hammond, Ind., of counsel.

Before KILEY, CUMMINGS and KERNER, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff in this wrongful death action, based upon diversity jurisdiction, appeals from a judgment upon a verdict directed by the district court at the close of plaintiff's case. We reverse and remand for trial.

Plaintiff's husband, decedent Kish, died as a result of injuries suffered when the automobile he was driving was struck by defendant's westbound freight train in a crossing formed by defendant's tracks and Osborn Street, in Hammond, Indiana. Osborn Street runs north and south and is crossed by five separate tracks running in a northwesterly-southeasterly direction. Proceeding from the north, these five tracks are a

north switching track, the westbound main track, the eastbound main track, the "passing" track, and a south switching track. Crossbuck warning signs are located outside of each switch track. The distance from the north switch track to the westbound main is 114'-2", and from the south switch track to the passing track is 90'-2". There are automatic flashing signals outside the northwest and southeast corners of the space embracing the two main and passing tracks referred to herein as the "main line crossing." The flashers are two-faced so as to warn both oncoming north and south bound traffic on Osborn Street. There are no crossing gates.

Plaintiff alleged negligence and willful and wanton misconduct of the defendant in failing to give proper warning of the freight train's approach[1]; in failing to keep proper lookout for automobile traffic and in inviting and permitting Osborn Street traffic to cross the tracks when defendant knew or should have known of danger; in operating the train in excess of the lawful speed limit; and in failing to have the train under control and to apply brakes to stop when defendant knew of the plaintiff's position on the tracks. Issues were raised by the defendant on these charges.

■ In testing the correctness of the district court's ruling granting defendant's motion for directed verdict, we must consider only the operative facts favorable to plaintiff, disregard conflicting unfavorable testimony, and draw legal inferences most strongly in her favor. Monfort v. Indianapolis & Cincinnati Traction Co., 189 Ind. 683, 686–687, 128 N.E. 842, 843 (1920); Stover v. Fechtman, 140 Ind.App. 62, 64, 222 N.E.2d 281, 282 (1966). We must decide, on the testimony and inferences so taken, whether the district court erred in holding that reasonable men could conclude only that Kish was guilty of contributory negligence which proximately caused his injuries and death.

The court, in ruling on the motion and reviewing the evidence, stated that there was perhaps some evidence of excessive train speed but no evidence of failure to sound a warning signal; that there were some obstructions to view until one came close to the crossing and, absent the working flashers, the court would be compelled to deny the motion; that Kish did not stop before going on the crossing but that he moved toward the crossing very slowly and stopped on the crossing; that a crossing guard was not flagging traffic across the tracks, but was trying to stop a car going north and "maybe incidentally" was trying to stop Kish's car going south; and that the evidence of the flashers working when no trains were coming is of no consequence since the law does not excuse the traveler from at least stopping. The court relied mainly upon a decision in New York Central R. R. Co. v. Glad, 242 Ind. 450, 179 N.E.2d 571 (1962), in granting the directed verdict.

There is testimony of an Osborn yard employee, Ackerman, standing about 65', on a diagonal, from the main line crossing, that when he first noticed the Kish automobile, it was on the crossing; that immediately before the occurrence, an eastbound freight train which had picked up cars from a switching movement was on the eastbound main going across Osborn Street; that as soon as the caboose cleared, a northbound van truck passed over the crossing, and the Kish vehicle, proceeding from the south, passed the truck on the crossing; and that when the Kish car was one-third to one-half onto the westbound main it was struck by the westbound train.

To a considerable extent the foregoing testimony was corroborated by witness Regan who was driving a car south just behind the Kish automobile. He testified that he saw Kish, who was "stopped or barely moving" at the north switch track, then proceed slowly onto the main line crossing, following cars that had already preceded him over the cross-

---

1. The willful and wanton charges on the complaint were dismissed in the district court and the dismissal has not been challenged on appeal.

ing. Regan said he was closing the gap on the Kish car. As the van truck proceeding north, passed his car, Regan saw the westbound train, coming from east of Osborn Street, strike the Kish automobile. Regan testified that during the events Darnell, a railroad employee, stood in the center of Osborn Street at about the south rail of the passing truck and facing north as the eastbound train caboose was moving across the street. He was moving his arms above his shoulders. Darnell turned south as the northbound van truck had begun to cross and raised his arm and stopped the second northbound car from crossing.

There was also evidence that Osborn Street was heavily traveled, that switching movements were "constantly" in operation at the crossing, that crossing guards were generally at the crossing signaling traffic to stop and to proceed, and that on some occasions the flashers were working when no train was in sight and that cars crossed the tracks even when flashers were working.

■ We think the totality of the foregoing evidence was sufficient to take to the jury the question whether Kish was guilty of contributory negligence proximately causing the injuries from which he died, or whether defendant's negligence alone proximately caused his injuries. There is sufficient evidence, taken in the light most favorable to the plaintiff, that Kish was invited to cross the tracks by the movement of the van truck and the traffic preceding him, and the ambiguous signals, noted by the judge, given by employee Darnell during the traffic.

We cannot say that considering only the evidence favorable to the plaintiff and excluding conflicting evidence favorable to defendant, reasonable minds could come only to the conclusion that Kish was guilty of contributory negligence proximately contributing to his injury. The jury might well decide, considering the condition of the crossing, that even if Kish did not stop before starting to cross the westbound main track—a fact not altogether clear—he might reasonably have thought, when the northbound van and the traffic in front of him started crossing, that the conductor on the east side of Osborn Street had motioned the traffic across and was also inviting him to cross under the belief that there was no danger.

The decision in New York Central R.R. Co. v. Glad, 242 Ind. 450, 179 N.E.2d 571 (1962), relied upon by the district court and by defendant in this court, does not compel a contrary conclusion. That was not a wrongful death case. The evidence before the court there was that the plaintiff Glad, as he himself testified, failed to stop as he approached the railroad crossing, in violation of an Indiana statute. The evidence was also clear that the approaching train was clearly visible. The facts in the case at bar are dissimilar. There is evidence before us that Kish "proceeded slowly" onto the main line crossing, and it could reasonably be inferred that he was invited onto the crossing when the westbound train was not visible.

We do not think this court's decision in Pratt v. New York Central R. R. Co., 339 F.2d 964 (7th Cir. 1964), is persuasive in defendant's favor.

We conclude that the district court erred in refusing to send this case to the jury. We see no need to discuss other points argued in the briefs. The judgment is reversed and the cause remanded for trial.