Peter LEON, Plaintiff-Appellant,

v.

PENN CENTRAL COMPANY, Defendant-Appellee.

No. 18015.

United States Court of Appeals, Seventh Circuit.

June 16, 1970.

Rehearing Denied July 22, 1970.

as he approached the railroad crossing. As the plaintiff drew near the tracks, he was moving at a speed of 6–7 miles per hour and he crossed the tracks at a speed of 4–5 miles per hour. Plaintiff looked to see if a train was coming, but his vision was blocked by foliage on the side of the road. From that point until plaintiff was hit, he did not stop nor look to see if a train was coming.

The right rear of the vehicle behind the rear wheel was struck by the defendant's train as the car was leaving the second of the two tracks. Plaintiff admits that if he would have stopped before entering the tracks, nothing would have prevented him from seeing the train. Plaintiff claims that he did not hear nor see the train until he was hit. Further, on the day of the accident, plaintiff's car was in "perfect mechanical condition" and plaintiff admits that if necessary he "could have stopped on a dime."

Edward J. Raskosky, George Kohl, Nowicki, Raskosky, Kohl & Gaines, Hammond, Ind., for plaintiff-appellant.

Owen W. Crumpacker, Harold Abrahamson, Hammond, Ind., Richard O. Olson, Chicago, Ill., for defendant-appellee.

Before DUFFY, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff filed suit under 28 U.S.C. § 1332 seeking damages for injuries suffered when the automobile which he was driving was hit by defendant's train. A jury awarded the plaintiff $34,500, but the district judge granted defendant's motion for a new trial. At the second trial the court directed a verdict for the defendant at the close of the plaintiff's case on the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff takes this appeal from the granting of the directed verdict.

■ In deciding whether the court properly directed a verdict against the plaintiff we must look at the facts in the light most favorable to the plaintiff. Kish v. Norfolk & Western Railway Co. 426 F.2d 1132, 1133 (7th Cir. 1970). Plaintiff, on April 27, 1965, was driving a Ford Falcon in a northern direction on Union Street in East Gary, Indiana. Union Street was filled with chuck holes, and it was necessary for plaintiff to veer to the left in order to avoid the hazard

■ The Indiana Statute provides:

Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty [50] feet but not less than ten [10] feet from the nearest track of such railroad and shall not proceed until he can do so safely, when: * * *

(c) A railroad train, as defined in this act, approaching within approximately one thousand five hundred [1,500] feet of a highway crossing emits a signal audible for such distance and such train, by reason of its speed or nearness to such crossing, is an immediate hazard.

(d) An approaching train is plainly visible and is in hazardous proximity to such crossing. [Acts 1939, ch. 48, § 100, p. 289; Burns' Ind.Stat. § 47–2114.]

The evidence is clear and unequivocal that the plaintiff did not stop at the railroad crossing nor did he look to see if a train was approaching. Further, Leon himself testified that he would

have seen the train had he stopped short of the tracks. In New York Central Railroad Company v. Glad, 242 Ind. 450, 179 N.E.2d 571 (1962), the Supreme Court of Indiana held that where the evidence clearly shows that the plaintiff has violated a statute which creates a duty for the protection of the plaintiff and the accident was a result of such violation, he is guilty of contributory negligence as a matter of law. Here as in *Glad* the statute was for the protection of the plaintiff, and the accident would not have occurred if the plaintiff had stopped and looked before crossing the tracks. There is no evidence from which the jury could have concluded that the train was not visible from a point proximate to the crossing. *Compare* New York Central Railroad Company v. Wyatt, 135 Ind. App. 205, 184 N.E.2d 657 (1962). Plaintiff's reliance on Pennsylvania Railroad Company v. Mink, 138 Ind.App. 311, 212 N.E.2d 784 (1966), is misplaced since in *Mink* the plaintiff had stopped prior to entering the tracks, and there was some evidence that the view of an approaching train was blocked by box cars located on a side track. Here plaintiff admitted that he did not stop and further that if he had looked before crossing the tracks, he would have seen the train. We conclude that the court was correct in finding plaintiff guilty of contributory negligence as a matter of law.

 The plaintiff complains that the district court improperly refused to admit into evidence the accident report filed by the train's fireman, Wilson, under 28 U.S.C. § 1732. In the report Wilson stated that he first saw the car when the train was 200 yards from the crossing and traveling at a speed of 34–35 miles per hour. Further, Wilson reported that the speed of the train was still 34–35 miles per hour when the car was struck and that to avoid the accident, he sounded the whistle. Under the defendant's rules of employment, accident reports are required to be filed by the employees involved. To admit into evidence a report which is prepared in accordance with company rules, the court must conclude

that the report truly reflects the incident and is not biased. *See* Proposed Rules of Evidence for the United States District Courts and Magistrates, Rule 8–03(b) (6) and advisory notes 188–89 (1969). In Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), the Court found that it was improper to admit an accident report under 28 U.S.C. § 1732 because accident reports are prepared for the purpose of possible litigation and not in the ordinary course of business. However, the Court in *Hoffman* was concerned that the motivation in filing the report affected its accuracy. There is no problem here with possible prejudice in the report since the plaintiff, and not the defendant, is seeking to submit it into evidence, Korte v. New York, N. H. & H. R. Co., 191 F.2d 86 (2d Cir. 1951), cert. denied 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 652 (1951), and we conclude that the district court should have admitted it. Pekelis v. Transcontinental & Western Air, 187 F.2d 122, 129–130 (2d Cir. 1951); McCormick on Evidence, § 287, pp. 604–05 (Hornbook Series, 1954).

Plaintiff next contends that the court erred in not allowing the issue of last clear chance to go to the jury. The evidence showed that the train, composed of three engines and one hundred twenty-three freight cars approached Union Street at a speed of 35 miles per hour. According to the fireman who was the acting engineer, the train was 600 feet from Union Street when he saw plaintiff approaching the crossing at a slow speed and he sounded the whistle. He testified that at 500 feet he gave the emergency whistle and at 150 feet the brakes were applied. At no time was the emergency braking system used nor was sand applied to the wheels. The plaintiff testified that he heard no whistles. Two witnesses who reside near the tracks and heard the crash testified that they heard no whistle while another witness testified that she heard the whistle sound twice.

 Defendant claims that under Indiana law the doctrine of last clear chance did not apply until the plaintiff

was on the tracks, physically unable to extricate himself, and at that point there was nothing that defendant could do to prevent the accident. We conclude that the defendant misinterprets Indiana law. The Indiana Appellate Court sitting *en banc* clearly stated the doctrine of last clear chance in Chesapeake & Ohio Railroad Co. v. Williams, 114 Ind.App. 160, 51 N.E.2d 384, 388 (1943):

> [T]he doctrine of last clear chance applies to permit a recovery by the plaintiff where the danger threatening him was actually discovered by the defendant, and under the circumstances surrounding the particular case, the peril ought to have been realized by the defendant, in the exercise of ordinary care, in time to have averted the accident, notwithstanding the plaintiff was physically able to escape the danger until the instant before the impact and was guilty of continuous and concurrent negligence in that he remained oblivious of his own danger, which it was his duty to discover and realize.

To apply the doctrine of last clear chance as explained in *Williams*, it is not necessary that the plaintiff be physically unable to extricate himself from peril. If plaintiff is unaware of the peril, last clear chance applies. Chesapeake & Ohio Railroad Co. v. Pace, 132 Ind.App. 321, 175 N.E.2d 895 (1961). We conclude that there is sufficient evidence from which a jury could find that the engineer, being aware of the peril when the train was 600 or 500 feet from Union Street, was under a duty to sound the whistle—there is conflicting evidence as to whether or not this was done—or apply the brakes, and in such a manner have avoided the accident. We do not think that this requires speculation on the part of the jury. The district court erred in removing the issue of last clear chance from the jury.

For the foregoing reasons we reverse and remand this cause to the district court for a jury trial on the issue of last clear chance.

Reversed and remanded.