Mark GALAMBUS and Frank Galambus,
Plaintiffs,

v.

CONSOLIDATED FREIGHTWAYS COR-
PORATION, a Delaware corporation,
and Joseph R. Drada, Defendants.

No. 73 H 197.

United States District Court,
N. D. Indiana,
Hammond Division.

June 14, 1974.

Edward J. Raskosky, Hammond, Ind., for plaintiffs.

Stults, Custer, Kutansky & Pekofski, Gary, Ind., William L. Arnold, Chicago, Ill., for defendants.

ALLEN SHARP, District Judge.

Counsel for the parties in this case have been unable to resolve a multitude of problems regarding discovery in this case. There have been numerous requests for discovery of various kinds and objections thereto. There have been briefs and memorandums of authority filed in regard to the discovery. In the preliminary pretrial conference held on February 1, 1974 there was an extended discussion with regard to various discovery matters then pending. Counsel have been admonished to make a good faith effort to comply with Rule 7 of the rules of this Court but have apparently been unable to resolve several of the discovery issues now pending.

Before proceeding with rules it is necessary to summarize the various filings in this case which are as follows:

1. The complaint was filed in this case on August 9, 1973. On August 20, 1973 the plaintiff filed a notice to take deposition of Robert Nondorf and specifically requested him to bring sixteen categories of items with him to said deposition. On August 29, 1973 the defendants and Robert Nondorf filed a written combined motion to quash or modify subpoena, objection to inspection or copying of designated materials and motion for productive order relating to depositions and materials. Interestingly enough, the plaintiffs requested a hearing on the same before it was actually filed.

2. On August 20, 1973 the plaintiff filed a series of 37 interrogatories directed to the defendant, Consolidated Freightways Corporation, and 54 interrogatories directed to the defendant, Joseph R. Drada. The defendants filed their answers to interrogatories on September 26, 1973. At the same time they each also filed objections to certain interrogatories. On August 20, 1973 the plaintiffs filed a motion for production listing 12 categories of items as to each defendant. On September 2, 1973 the defendants filed response to the plaintiffs' motion for production and as to requests numbered 2, 3, 4, 5, 6, 7, 8, 11 and 12 defendants filed objections to the discovery of the items mentioned citing in each instance the scope of discovery as defined in Rule 26(b) of the Federal Rules of Civil Procedure. On October 17, 1973 plaintiffs filed motions to compel both defendants to more specifically

answer interrogatories and to file responsive answers.

3. On August 27, 1973 the defendants gave notice for the deposition of the plaintiff, Mark Galambus, and on the same day the plaintiffs requested a protective order under Rule 26(c) of the Federal Rules of Civil Procedure for the reason that the plaintiff, Mark Galambus, had been confined to St. Catherine's Hospital in East Chicago, Indiana since July 18, 1973 and had sustained an amputation to his leg and other serious and severe injuries.

4. On September 5, 1973 the plaintiffs filed seven requests for admissions which were responded to by the defendants on September 15, 1973. The defendants admitted the first five requests for admissions as being true explicitly and implicitly admitted numbers six and seven.

5. On September 12, 1973 the plaintiffs filed a motion to take deposition of Consolidated Freightways Corporation; John Braun, Terminal Manager; LeRoy Gregory, Safety Director; and filed an extensive request as to each requesting that various documents and other tangible items be brought to said deposition. On September 26, 1973 the defendants designated John Braun to testify to matters known or reasonably available to the defendant corporation under Rule 30 of the Federal Rules of Civil Procedure. The defendants also indicated what documents they would produce for inspection and copying and made objection under Rule 26(b) as to other items.

6. On October 30, 1973 plaintiff filed a motion to produce directed to both defendants, designating 18 items. On November 14, 1973 defendants filed objections to said requested production, again relying on Rule 26(b).

7. On October 26, 1973 defendants filed interrogatories to the plaintiff, Mark Galambus, to which answers were filed on November 21, 1973.

8. On December 17, 1973 defendants filed motion to produce.

9. On December 26, 1973 petition for certification of unanswered questions in the deposition of LeRoy R. Gregory taken on October 16, 1973 was filed. On the same date similar petitions were filed as to unanswered questions in the depositions of John Braun taken on the same date. On January 21, 1974 a similar petition was filed as to unanswered questions in the deposition of the defendant, Joseph Robert Drada. On February 12, 1974 a similar petition was filed in regard to the deposition of Robert Francis Nondorf.

10. On February 13, 1974 the plaintiffs filed a motion to compel discovery, for costs and attorney fees under Rule 37.

The Court now takes up the petition for certification of unanswered questions in the deposition of LeRoy R. Gregory. The Court now orders the continuation of said deposition not later than September 1, 1974 and orders the witness, LeRoy R. Gregory, to answer all of the questions certified with the following exception:

The question on page 41, line 20.

The witness, John Braun, is now ordered to answer all of the questions certified in a continued deposition.

The Court now considers the certification of questions in the deposition of Joseph Robert Drada. Said deposition is ordered to be continued and said witness is ordered to answer the questions certified with the following exceptions:

Question number 1 at page 13, line 24, to page 14, line 11.

Number 4, page 70, lines 11 to 21.

Number 5, page 75, lines 10 to 19.

Number 7, page 100, line 25, to page 101, line 5.

Number 8, page 108, lines 13 to 22.

Number 12, page 120, lines 4 to 10.

Number 13, page 121, line 21, to page 122, line 14.

Number 15, page 129, lines 14 to 18.

Number 17, page 137, lines 23 to 25.

Number 24, page 155, lines 8 to 16. Number 26, page 161, line 25, to page 162, line 6. Number 27, page 162, lines 17 to 21. Number 29, page 163, lines 3 to 6. Number 30, page 163, lines 10 to 14. Number 41, page 201, lines 13 to 20. Number 44, page 202, lines 7 to 15. Number 45, page 202, lines 16 to 22. Number 46, page 204, lines 13 to 19. The witness, Robert Francis Nondorf, is ordered to answer all of the questions certified in a continued deposition.

■ In regard to the plaintiffs' motion to produce filed August 20, 1974 the defendants are ordered to produce for inspection and copying the items included in number two thereto. Specifically, defendants are ordered to produce the drawings and measurements made by Robert Nondorf a few hours after the accident on July 18, 1973; the drawings and sketches made on July 18, 1973 at the scene of the accident by LeRoy R. Gregory; and the drawing and sketch made on July 18, 1973 in Highland, Indiana at the terminal of the defendant corporation by Joseph R. Drada. The authority for the production of these drawings and measurements is Rackers v. Siegfried, 54 F.R.D. 24 (D.C.Mo. 1971).

The Court now considers the plaintiffs' motion to produce filed October 30, 1973 requesting 18 categories of production pursuant to Rule 34 of the Federal Rules of Civil Procedure. The Court has carefully considered the defendants' response and objection to said motion to produce filed November 14, 1974. Said response cites no authority except the language of Rule 26(b)(3).

In order to properly determine the issues raised by the motion to produce filed October 30, 1973 and the objections thereto it is necessary to consider the post-1970 provisions of Rule 34 in relation to Rule 26(b)(1) and (3). The 1970 amendment to Rule 34 eliminated the "good cause" provision therein. Rule 26(b)(1) provides:

"(b) Scope of discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Also relevant is Rule 26(b)(3) which provides:

"(3) Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories

of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."

This court fully agrees with the excellent analyses of Judge Eschbach in his memorandum opinion in Donald G. Skurka v. Robert Skipper and Walter Anthonsen, U.S.D.C., Hammond Division, 71 H 336(2), dated April 27, 1972 which represents post-1970 authority.

■ Applying these general rules to the 18 items mentioned in said motion to produce the court now orders the production of items 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16 and 18. The court declines to order the production of items 9 and 17 for the reason that said requests are either framed in vague terms or could invade matters which are privileged.

■ The defendants are not required to produce any items in response to this motion to produce which were prepared by counsel for the defendants after they were employed to defend this particular case and are not required to produce any items which were prepared at the specific instance of defense counsel after they were so employed.

■■ The 1970 amendments to the discovery rules eliminated the requirement of good cause in Rule 34 and made ordinary documents routinely discoverable. See 8 Federal Practice and Procedure, Wright and Miller, § 2033. The question is whether or not these items are protected by the work product privilege as documents prepared in anticipation of litigation or for trial. The authorities indicate that prudent parties anticipate litigation and often begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in the light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. Conversely, even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for the purposes of litigation. See Wright and Miller, ibid, § 2024. The advisory committee note on Rule 26(b), (c) stated:

"Materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision." See 48 F.R.D. at page 501

■ Statements of a truck driver to his employers and to the carrier using his services made pursuant to ICC regulations are made in the ordinary course of business under those regulations and were not work products. See Goosman v. A. Duie Pyle, Inc., 320 F.2d 45 (4th Cir. 1963), appeal after remand, 336 F.2d 151.

A defendant railroad was required to produce accident reports made in the regular course of business. See Burns v. New York Central Railroad Co., 33 F.R.D. 309 (D.C.Ohio 1963).

■ Statements of employees in the regular course of business and not solely

to aid counsel may be inspected. See Portman v. American Home Products Corp., 9 F.R.D. 613 (D.C.N.Y.1949).

Under the 1970 amendments to the Federal Rules it is now clear that all documents and tangible things prepared by or for the attorney of the party from whom discovery is sought are within the qualified immunity given to work products so long as they were prepared in anticipation of litigation.

 Photographs, diagrams and the like made at or about the time of the occurrence giving rights to the suit, should be held discoverable under Rule 26(b)(3) as they were in the great bulk of the cases prior to the 1970 amendments. See Wright and Miller, ibid, § 2024. See also, Atlantic Greyhound Corp. v. Lauritzen, 182 F.2d 540 (6th Cir. 1950). The work product rule has no application to a document prepared by and in the hands of a third person who is neither a party to nor interested in the action. See Wright and Miller, ibid.

There is now a substantial body of authority that suggests that statements taken from witnesses at about the time of the occurrence described in them are unique, in that they provide an immediate impression of the facts. There has been a generally liberal policy in favor of the production of witness statements taken contemporaneously with the incident which gave rise to the suit. There are several rationalizations for this. One is that the memory reflected in such a statement is fresh. Another is based on the inability of a party, such as an injured one, to engage in investigation immediately after an occurrence. The plaintiff has suggested the latter situation in this case. Physical disability of a plaintiff is certainly a factor in favor of such production.

The Court now expressly reserves ruling on the assessment of costs and attorney fees in these various matters under Rule 37 of the Federal Rules of Civil Procedure and will hold a hearing on the same at the time of the pretrial conference in this case.

 The 1970 amendments to the Federal Rules of Civil Procedure eliminated the so-called "good cause" requirement under Rule 34. The clear intent of that eliminating amendment was to liberalize permissible discovery under that rule. I do not believe that Rule 26(b) as amended in 1970 should be interpreted as engrafting a good cause requirement back into Rule 34. I read the 1970 amendments to Rule 26(b) as an attempt to crystalize and synthesize the work product problem. I strongly concur with the reasoning and result of Judge Eschbach in his memorandum opinion in the *Skurka* case above referred to which deals with this various subject and is an authoritative exposition of the interrelationship between Rule 34 and Rule 26(b).

In ruling upon the within matters I have attempted to delineate what I believe to be the proper boundaries of the work product and anticipation of litigation concepts.

The defendants have repeatedly denied discovery in reliance on that part of Rule 26(b) relating to documents and things prepared in anticipation of litigation. Although this file is now voluminous and the defendants have filed repeated objections to discovery each time citing the same rule they have yet to file and present a single authority that deals with or analyzes the problems herein presented. On the contrary the plaintiff has repeatedly filed and referred to specific case authority. In addition to Judge Eschbach's excellent opinion in Skurka v. Skipper the defendants have cited one of the leading cases on the production of drawings, statements, investigations, and materials done in the regular and ordinary course of business by citing Goosman v. A. Duie Pyle, Inc., 320 F.2d 45 (4th Cir. 1963). Also, the Plaintiff has cited the case of Leon v. Penn Central Co., 428 F.2d 528 (7th Cir.

1970), which is an appeal from this Court and deals with the production of reports made in the regular course of business. I find nothing in the 1970 amendment to Rule 26(b) that would require a different result in either *Leon* or *Goosman*.

Although I will not burden this memorandum with extensive quotations and specific citations I have been strongly influenced by the analysis and treatment given to the post-1970 version of both Rule 34 and 26(b) by Wright and Miller, Federal Practice and Procedure, Volume 8 and particularly the following sections: 2023; 2024; 2025; 2026; 2027; 2028; and 2205. I have also read with interest *Attorneys Work Product*, published by The Defense Research Institute (1973), and particularly the article of Robert W. Miller at pages 12–63 thereof. Although written from a bias, it is a comprehensive analysis of the problem and I do not find the ruling here at odds with its basic tenor and most of the authorities cited.