**James Daniel CHANEY, By and Through his Mother and Next Friend, Earlene GUILLIAM, Plaintiff,**

v.

**Charles Alexander SLACK, Defendant.**

**No. CV482–583.**

United States District Court,
S.D. Georgia,
Savannah Division.

April 7, 1983.

quested by the plaintiff in a subpoena duces tecum served upon Dr. Bookman on January 21, 1983, to-wit: "[t]he entire personnel file and employment record and history of Charles Alexander Slack.... Further, all records pertaining to an incident involving said teacher and a student, James Daniel Chaney, occurring on August 31, 1982. Said records shall include, but not be limited to, all evidence, transcripts, findings, conclusions, summaries, reports, recommendations and all other documents and tangible items of whatsoever kind or nature relating to or involving disciplinary or investigative proceedings by the Board of Public Education for the City of Chatham taken against said teacher."

Defendant Charles Alexander Slack seeks a protective order and moves to quash the subpoena on the grounds that his personnel file and employment record contain private information relating to his personal life and background, that production of his history and file would therefore be annoying, embarrassing and oppressive and that the documents relating to the Board of Education's investigation of the alleged incident are privileged. Dr. Bookman also moves to quash the subpoena or for a protective order with respect to documents relating to investigative or disciplinary actions on the ground that they are immunized from discovery by the work-product doctrine. He does not object to the production of defendant's personnel file and employment record.

Noble L. Boykin, Jr., Savannah, Ga., for plaintiff.

Paul W. Painter, Jr., Savannah, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Pursuant to this Court's Order of March 24, 1983, in the above-styled action, Dr. Michael K. Bookman, the Executive Director of the Board of Public Education for the City of Savannah and the County of Chatham, delivered for *in camera* inspection the documents production of which was re-

A. *Defendant's History and Personnel File*

Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court may, upon motion of a party or the person from whom discovery is sought, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Such an order may direct that the discovery not be had or that it be conducted only under certain conditions. The objection raised here is based on the annoyance and embarrassment the defendant allegedly would suffer as a result of the exposure of

the contents of his educational background and record as a teacher in the local school system.

██ I have reviewed the defendant's personnel file and employment record and find that the defendant will be sufficiently protected by requiring the attorney for the plaintiff to submit an affidavit of assurance pledging that he will not breach any confidentiality of any information disclosed through the production of defendant's personnel file and employment record and further pledging that disclosure of such information will be limited to his clients and only to such other persons whose consultation is necessary for preparation for the trial of this case. In addition to this safeguard, I have removed documents which might cause embarrassment to the defendant.

B. *Records Pertaining to the Alleged Incident, Investigative and Disciplinary Actions*

██ Both defendant and Dr. Bookman raise the work product doctrine as grounds for quashing the subpoena or for a protective order as to records and documents relating to the investigation or disciplinary action taken by the Board of Public Education with regard to the incident which gave rise to the complaint. By affidavit Ed Lee, Esq., attorney for the Board of Public Education, deposes that after the occurrence of the incident involving James Daniel Chaney and his teacher, Charles Alexander Slack, Lee directed Dr. Bookman to investigate the incident, to take statements and to transmit the results thereof to him, in anticipation that the Board would become involved in litigation regarding the incident and further that the records contain his mental impressions.

Rule 26(b)(3) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The negative implications of the rule itself provide two reasons why the documents sought by plaintiff are not protected by the work product doctrine. As Wright and Miller explain, "[t]he work product rule has no application to a document prepared by and in the hands of a third person who is neither a party nor interested in the action." Wright & Miller, Federal Practice & Procedure § 2024, at 209; *Galambus v. Consolidated Freightways Corp.,* 64 F.R.D. 468 (N.D.Ind.1974). The Board of Public Education is not a party to this action nor does it have any interest in the action.

Furthermore, documents which are prepared in the regular course of business are not "in anticipation of litigation" and therefore cannot be immunized from discovery by mere characterization of them as work product. Wright & Miller, *supra,* at 199; *Westhemeco Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. 702, 708 (S.D.N.Y.1982); *Virginia Electric & Power Co. v. Sun Shipbuilding & D.D. Co.,* 68 F.R.D. 397, 402 (E.D.Va.1975). Before any disciplinary action, *i.e.,* termination or suspension, may be taken against an employee of the Board of Public Education, Board policy and Georgia law require that the teacher or other employee be given written notice of the charges stating the cause or causes for the disciplinary action "in sufficient detail to enable him to fairly show any error that may exist therein" and the names of wit-

nesses "with a concise summary of the evidence to be used against him . . . ." Ga. Code Ann. § 32–2101c(b); O.C.G.A. § 20–2–940. Thus, the Board of Public Education or its agents were required to conduct an investigation of the incident, whether the school board attorney so requested or not. Reports of such investigations cannot be termed attorney work product.

Even if the Board of Public Education were a party to this litigation and the investigative reports prepared in anticipation of litigation, the documents would not escape discovery as work product, because I find that the plaintiffs have made a sufficient showing that they have substantial need of the materials in the preparation of his case and that they are not able to otherwise obtain a substantial equivalent without undue hardship. The work product doctrine affords only a qualified immunity; production of work product materials will be ordered where necessity is shown. Wright & Miller, *supra,* § 2025, at 211–12, *United States v. Lipshy,* 492 F.Supp. 35 (N.D.Tex.1979). It is well-recognized that deposing witnesses unable to remember the details of an event, which were fresh in their minds when the investigation was conducted and their statements taken, is not a substantial equivalent of the work product material. Wright & Miller, *supra,* at 220. In *Southern Railway Co. v. Lanham,* 403 F.2d 119 (5th Cir.1968), the Fifth Circuit noted that "[s]tatements taken from the witnesses shortly after the accident constitute 'unique catalysts in the search for truth,' . . . in that they provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory, and many courts have held that the mere lapse of time in itself is enough to justify production of statements." *Id.* at 128. Where, as in this case, the plaintiff is a child, the only eyewitnesses were children and the incident occurred seven months ago, there is even more compelling necessity for access to contemporaneous reports. There can be little doubt that the plaintiffs have substantial need of the materials since they concern the very heart of the litigation.

As for the mental impressions of the lawyer, the Court must take care to shield these from the party seeking discovery. I have carefully examined the documents and find that the only possible mental impression of the attorney is contained on page four of the Mahany report. Those paragraphs may be redacted. The scope of the subpoena does not extend to Exhibit Number 0301; thus, these pages may likewise be retained by the Board of Public Education. If counsel for the Board of Public Education wishes to point out to the Court other asserted mental impressions, conclusions, opinions or legal theories, he may do so within three (3) days of the date of filing of this Order.

### Conclusion

The defendant's motion to quash the subpoena is denied. Discovery shall be had in accordance with the directions of the Court, within a reasonable time after the submission of an affidavit of assurances by the plaintiffs' attorney. The motion of Michael K. Bookman to quash the subpoena or for a protective order is denied and production of the material is hereby ordered in accordance with the foregoing directions.