Eric **HAWKINS; State Compensation Insurance Authority, Plaintiffs,**

v.

**SOUTH PLAINS INTERNATIONAL TRUCKS, INC., a Delaware Corporation, Defendant.**

Civ. A. No. 90–S–1749.

United States District Court, D. Colorado.

Nov. 12, 1991.

See also 139 F.R.D. 679.

Stephen J. Baity, Steve L. Heisdorffer, Weller, Friedrich, Ward & Andrew, Denver, Colo.

Jack C. Helgesen, Lyon Helgesen, Waterfall & Jones, Ogden, Utah, T. Michael Carrington, Denver, Colo.

Thomas R. Dolven, Hall & Evans, Denver, Colo.

## ORDER

RICHARD M. BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court pursuant to the special order of reference from District Judge Daniel B. Sparr for resolution of Amoco Production Company's (AMOCO) motion for a protective order to quash a subpoena served on it on September 4, 1991.

This dispute arises from an underlying personal injury case. Plaintiff Eric Hawkins was injured on or about October 4, 1988 while working for Al's Hot Oil Service. He was servicing a 1983 International Harvester truck equipped with a "Rush About" hot oil unit. He contends: 1) that the original guard on the viking pump drive shaft was defectively designed and manufactured, that the original guard unit was defective and unreasonably dangerous, and that Defendant is liable for any strict liability claim against the manufacturer under Colorado products liability law; and 2) that Defendant negligently marketed and sold the subject hot oil truck and that Defendant breached an implied warranty of merchantability. He seeks monetary damages from Defendant.

Plaintiff State Compensation Insurance Authority (SCIA) seeks recovery from Defendant of approximately $160,000 in worker's compensation benefits which it has paid to Plaintiff Hawkins.

Plaintiff SCIA served a subpoena duces tecum upon Amoco directing it to produce the following:

a) all of Amoco's safety rules governing Al's Hot Oil Service;

b) Amoco's complete file on the accident which occurred October 4, 1988; and

c) all of Amoco's safety rules governing hot oilers in general.

Amoco objects to the request to produce its file on the accident on the grounds that the file constitutes privileged attorney work product.

Amoco is not a party to this litigation nor has it been designated a necessary nonparty pursuant to Colorado statutes. Its only connection to this lawsuit is that Plaintiff Hawkins was working for his employers at an Amoco oil well site when the injury occurred. Amoco's internal claims attorney did conduct an investigation within days after the accident and prepared a report which is contained in Amoco's file.

Fed.R.Civ.P. 26(b)(3) protects attorney work product from discovery in certain specified circumstances. The Rule provides, in pertinent part:

[A] party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial *by or for another party or by or for that party's representative* (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party in unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed.R.Civ.P. 26(b)(3) (emphasis added).

To qualify for protection under Rule 26(b)(3), documents must be prepared by or for another party or that party's representative. Plaintiff SCIA argues that the rule does not protect materials prepared by

Amoco because Amoco is not a party to the litigation. This Court agrees. The language of the rule limits protection to one who is a party (or a party's representative) to the litigation in which discovery is sought. All recent case law is in accord. *See In re California Public Utilities Commission,* 892 F.2d 778, 780 (9th Cir.1989); *Gomez v. City of Nashua,* 126 F.R.D. 432, 434 (D.N.H.1989); *Chaney v. Slack,* 99 F.R.D. 531, 533 (S.D.Ga.1983); *Galambus v. Consolidated Freightways Corp.,* 64 F.R.D. 468, 473 (N.D.Ind.1974). *See Also* C. Wright & A. Miller, *Federal Practice and Procedure* § 2021, at 201–02 ("[D]ocuments prepared for one who is not a party to the present suit are wholly unprotected even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit.") Because Amoco is not a party to the present suit, it is not entitled to the protection of Fed.R.Civ.P. 26(b)(3).

**IT IS THEREFORE ORDERED** that Amoco's motion for protective order and to quash the subpoena is denied; and

**IT IS FURTHER ORDERED** that each side is to pay its own attorney's fees and costs pertaining to this motion.