Vernon **RACKERS**, Plaintiff,

v.

**James R. SIEGFRIED**, Defendant.

**Civ. A. No. 1615.**

United States District Court,
W. D. Missouri,
Central Division.

March 5, 1971.

Albert J. Yonke, Yonke, Shackelford & Fox, Kansas City, Mo., for plaintiff.

Alex Bartlett, Hendren & Andrae, Jefferson City, Mo., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRODUCTION

WILLIAM H. BECKER, Chief Judge.

This is an action under the diversity statute brought by plaintiff in behalf of his minor child in which it is alleged that the minor child sustained injuries as a result of being hit by an automobile negligently operated by defendant in Missouri on April 17, 1970. Service of summons was obtained on defendant on August 18, 1970, by service upon the Secretary of State of Missouri.

By the order of this Court entered on January 12, 1971, the time for completion of discovery in this case was extended to and including March 15, 1971. On February 1, 1971, plaintiff filed his request for production of documents under the Federal Rules of Civil Procedure. This included a request for "any notes, measurements and diagrams made by Max Miller or anyone else on behalf of defendant within seven days after the accident which show the length of skidmarks left by defendant's automobile at the scene of said accident." On February 9, 1971, defendant objected to the production of these documents, stating that they were "trial preparation materials" within the meaning of Rule 26(b) (3), F.R.Civ.P. and that plaintiff had accordingly made no showing, within the terms of that rule, of a "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Defendant stated:

"In fact, as appears by the Answers to his Interrogatories herein, the plaintiff was at the scene of the accident shortly after the accident, was

not injured in the accident, and presumably would have observed the positions and layout at the scene of the accident. In fact, the scene of the accident herein involved is within a few feet of the house of plaintiff, so that he does not in fact have a need for a diagram of the scene. Defendant states that the aforesaid Max Miller was an insurance adjuster employed by Crawford & Company, which had been retained by the liability carrier of the defendant to make an investigation in anticipation of the claims which might be made, and that consequently, such material is comprehended within the work product privilege and within the specific privilege set forth in Rule 26(b) (3), Federal Rules of Civil Procedure."

On February 23, 1971, plaintiff moved under the provisions of Rule 37(a), F.R.Civ.P., for an order of Court requiring the production of the sought documents, stating as follows:

"[P]laintiff has a substantial need of the materials in the preparation of his case and he is unable to obtain the equivalent of said document by any other means because the Accident Report prepared by the investigating police officer was erroneous as to the length of said skidmarks."

In suggestions opposing the motion, defendant states:

"With respect to the measurement of the skid marks, the only further statement that the defendant would make would be that the deposition which has been filed of the State Highway Patrolman who investigated the accident shows sufficiently the measurement of the skid marks for the purposes of the plaintiff, and that consequently, the plaintiff has failed to show 'substantial need' within the meaning of Rule 26(b) (3), Federal Rules of Civil Procedure."

Rule 26(b) (3), in requiring that a "substantial need" be shown for the pro-

duction of "trial preparation materials," contemplates an "inquiry into the importance of and need for the materials as well as into alternative sources for securing the same information." See Advisory Notes, 48 F.R.D. at 500. The critical materiality of the measurement of the skid marks in the case at bar is apparent from the direct bearing the measurement may have on the issues of both negligence and injuries (causation). If one party were to have knowledge of the precise measurements and the other party were to be without such knowledge, a distinct trial advantage would accrue to the former party. Therefore, plaintiff has shown a substantial need for the discovery of the documents within the meaning of the applicable rule. Defendant, however, suggests two possible alternative sources: (1) the personal observation of plaintiff after the accident, and (2) the accident report of the highway patrol. With respect to the former, however, it is observable that plaintiff's observations after an accident in which his infant child was involved could in no way approximate the precision of the measurements made by an insurance adjuster "on the spot" soon after the accident. It is not shown that plaintiff made any exact measurements and, under the circumstances appearing from the file, it is not presumable that he did. With respect to the accident report, plaintiff states that it is erroneous and this statement is not contradicted by defendant. But, assuming that there is presently a disagreement over the accuracy of the highway patrol report, plaintiff should, for that reason, have access to the notes, measurements and diagrams made by defendant's agent after the accident. In these circumstances the alternative source cannot be deemed sufficient.

Further, it should be stated that defendant is entitled to reciprocal discovery of documents and information disclosing plaintiff's factual observations at the scene of the accident.