**Paul J. ZOLLER**

v.

**CONOCO, INC. and John E. Graham & Son.**

Civ. A. No. 89-2302.

United States District Court, W.D. Louisiana, Alexandria Division.

May 28, 1991.

Richard J. Arsenault, Neblett, Beard & Arsenault, Alexandria, La., for plaintiff.

John M. Ribarits, Patricia Ann Krebs, Nesser, King & LeBlanc, New Orleans, La., for defendant Conoco Inc.

John Nickerson Chappuis, Voorhies & Labbe, Lafayette, La., for defendant John E. Graham & Son.

Howard B. Gist, III, Gist, Methvin, Hughes & Munsterman, Alexandria, La., for Highlands Underwriters Ins. Co.

RULING

LITTLE, District Judge.

Before the court is plaintiff's motion to compel discovery. This action arose from an accident plaintiff suffered while working on a fixed drilling platform located on the outer continental shelf. Plaintiff seeks, among other items, production of photographs Conoco took of the actual site on the platform where he suffered his injury. Conoco claims that the photographs are privileged because they were taken as part of an investigation made in anticipation of litigation and are therefore entitled to the benefits of both the work product and attorney/client privileges. It should be noted that the appearance of the accident location changed dramatically after the accident. Thus, it is impossible for plaintiff to obtain photographic records of the site by any other means.

■ Of course, the burden to demonstrate that items are not discoverable rests with the party opposing discovery. Conoco argues first that the photographs constitute work product. Under Fed.R.Civ.P. 26(b)(3), a party may discover documents and tangible things that were prepared in anticipation of litigation but are otherwise discoverable only upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable without undue hardship to obtain the substantial equivalent of the materials. Conoco argues that the photographs were taken by an investigator at its attorney's request shortly after plaintiff's accident. Further, Conoco contends that because plaintiff is able to describe exactly how the site appeared at the time, he has no substantial need of the photographs and also possesses a substantial equivalent of the photos.

The court disagrees with this contention. A verbal description of a given area cannot substitute for photographs of the location. The description may omit relevant information such as whether certain signs were posted or whether certain items were present. Further, an expert may be unable to reach conclusions that may be of aid to the jury as to the composition of materials and construction at the location from incomplete verbal descriptions. Finally, a picture is certainly worth a thousand words to a jury, as well as to witnesses who may be unable to separate their recollection of the site as it appeared then from the present appearance of the site. Plaintiff has demonstrated substantial need and the present inability to obtain a substantial equivalent. Conoco has failed to uphold its burden to show that the work product privilege attaches.

■ Conoco also contends that the photographs are privileged attorney/client communications. The cornerstone of this privilege is that it protects confidential communications based on or that may disclose confidential information provided by the client or contain advice or opinions of an attorney. *Wells v. Rushing*, 755 F.2d 376, 379 (5th Cir.1985). The court fails to understand why these photographs contain confidential information or reflect the advice of an attorney. It is conceded that the appearance of the site on the date of the accident was not a secret; any employee presumably could have taken his own photograph of the site. This is not a case where revelation of the fact that a party took photos of a location may prompt someone to determine why the photos were taken, thus giving away some sort of strategic advantage or corporate secret. Instead, even a non-lawyer would anticipate that counsel for Conoco would take a photograph of the accident scene. Common sense dictates that the photos were taken for the benefit of counsel, such that they could learn what everyone else involved already knew—the appearance of the accident scene. Certainly Conoco will take great pains to describe in full detail (perhaps even with these photos) to the jury the appearance of the accident scene. To the extent Conoco argues that plaintiff already possesses the substantial equivalent of these photographs it is indeed surprising to read its contention that the information contained in the photographs remains confidential. We therefore reject the assertion that the photographs are privileged.

Accordingly, plaintiff's motion to compel is GRANTED. Conoco is ORDERED to produce to plaintiff on or before 14 June 1991 all photographs in its possession of the accident scene as it existed on the date of the accident. Plaintiff may submit evidence supporting his claim for reasonable attorney fees in connection with the motion.