Alfred Richard REEDY, III and Lisa Reedy, his wife, Plaintiffs,

v.

LULL ENGINEERING CO., INC., Defendant.

No. 90–1383–CIV–T–15C.

United States District Court, M.D. Florida, Tampa Division.

June 17, 1991.

John Robert Overchuck, Overchuck, Langa & Crews, P.A., Orlando, Fla., for plaintiffs.

Jeffrey D. Fridkin, Mershon, Sawyer, Johnston, Dunwody & Cole, Naples, Fla., for defendant.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of Defendant's Motion To Compel (Dkt.8) and plaintiffs' response thereto. (Dkt.11) For the reasons set forth below, the Magistrate Judge grants the motion to compel.

### I

This is an action for negligence and strict liability brought on November 2, 1990, as the result of an accident occurring on June 9, 1988 in which plaintiff was injured when the Lull High Lift he was operating at the construction site of the Suncoast Dome tipped over, and he was struck by a portion of the load he was moving with the lift as he attempted to escape. The plaintiff alleges the machine was defective and would not operate properly on uneven or rough terrain and that defendant failed to warn users of the danger or recall the product. (Dkt.3)

Defendant's Motion To Compel requests discovery of photographs, videotapes, or images of the equipment or the accident scene made by any other electromagnetic device. The motion to compel pertains to requests for production No. 4, No. 5 and No. 6, as well as interrogatory No. 17. Defendant argues the condition of the equipment and the property at the time of the accident is crucial to its defenses regarding the use and condition of the property and equipment involved in the accident.

Defendant states it has made unsuccessful attempts to procure these items on its own and that plaintiff appears to have the only photographs or videotapes of the equipment and property at the time of the accident which are in existence. Defendant contends it would be inequitable to permit plaintiff to have sole access to these items before trial, especially in light of the fact that plaintiff delayed filing the action until two and one-half years after the accident. (Dkt.8)

Plaintiffs object on the grounds that the items were generated by plaintiffs' attorney or were made under his supervision or direction and are, therefore, work product of the attorney. Plaintiffs state the items should be protected from discovery because they may reveal mental impressions and theories of the attorney.

Plaintiffs also argue defendant has not attempted to set depositions of any person having knowledge of the condition of the accident site or the equipment. Plaintiffs state defendant has not shown the photographs contain anything which would establish facts that could not be obtained by the defendant through other means, such as the depositions.

Plaintiffs contend that defendant was notified about the accident "well before" the date the complaint was filed, and defendant "has had every opportunity from the time of the accident until now" to photograph the equipment and the area where the accident occurred. (Dkt.11) Furthermore, the

plaintiffs argue that the equipment is still available, and the persons who were at the scene of the accident are also available for deposition.

If the court grants defendant's motion to compel, plaintiffs request reciprocal discovery of photographs and/or videotapes of Lull equipment in operation which they state defendant has the special expertise to produce and plaintiff cannot simulate.

## II

Federal Rule of Civil Procedure 26(b)(3) provides that discovery of documents and tangible things which were prepared in anticipation of litigation by another party cannot be discovered except upon a showing that the party seeking discovery has substantial need of the materials to prepare his case and that the party is unable to obtain the substantial equivalent by other means without undue hardship. Rule 26(b)(3), Fed.R.Civ.P.

Courts have generally allowed discovery of photographs and diagrams which were made at the time of an accident because of the inherent inability of a party to reproduce these materials. *Condon v. Stephan Machinery Corp.*, No. 7357 (S.D.N.Y.1990) (LEXIS, Genfed library, Dist file), *citing, Wright and Miller*, Federal Practice and Procedure, § 2024, at 208–209 (1970). Photographs which are taken at the scene long after the occurrence of the accident may not be the substantial equivalent of photographs which were taken at an earlier date. *Martinsen v. Lykes Bros. S.S. Co.*, (E.D.Pa.1987) (1987 WL 6692, LEXIS, Genfed library, Dist file) (in an action for injuries sustained in the engine room of defendants' ship which was not brought until a year after the accident, plaintiff was entitled to photographs of the engine room which had been taken by the defendants at an earlier time, since plaintiff did not have the right to go back on the vessel to take photographs until after the commencement of the action, and plaintiff's later photographs would not be the substantial equivalent of defendants' earlier photographs.)

■ In the case at hand, any photographs, videotapes, or images of the scene by any other electromagnetic device which could be made by defendant at the present time would not be the substantial equivalent of those which were made at the time of the accident because the conditions which existed at the accident site have changed since the time of the accident. An excerpt from a report which was prepared by the investigator for the Occupational Safety and Health Administration (OSHA) states:

> "The complaint also alleges that the dirt ramp was unstable. When I arrived at the job site, 19 working days after the accident, the entire terrain had been changed, but from the photographs and videotape taken on the Saturday after the accident, it was obvious that the dirt ramp had deteriorated ..." (Dkt.8)

Plaintiff states that defendant was aware of the accident before the filing of the suit, as evidenced by a letter which was sent to defendant by plaintiffs' attorney on March 16, 1990, and therefore, defendant has had every opportunity to take its own photographs. (Dkt.11, ex.A) This argument ignores the fact that the letter was sent to defendant almost two years after the accident, and the terrain has apparently changed since that time. Consequently, defendant did not have the opportunity to photograph the scene as it existed at the time of the accident.

Plaintiffs' argument that deposing witnesses who were present at the scene would provide the same information about the condition of the accident site and equipment to the defendant is unpersuasive. It is doubtful that those individuals, two and one-half years later, would be able to recall the same detailed information about the condition of the site and equipment at the time of an accident which a photograph or videotape would provide.

Plaintiff also argues that the present availability of the equipment makes it unnecessary to produce photographs taken of the equipment at the time of the accident. Although the condition of the equipment may not have changed as drastically as the condition of the terrain, it is still likely that the equipment is not in substantially the

same condition as it was immediately after the accident. Therefore, the photographs which were taken of the equipment at the time of the accident should also be produced.

Plaintiffs appear to make the argument that a distinction should be made between this case and other cases cited by defendant where production of photographs was ordered because this is a products liability case. This distinction is without merit. Plaintiffs have alleged that the equipment was defective and would not operate safely in uneven terrain. The complaint also alleges negligence due to a failure to warn the operator of the rough terrain conditions which could cause the machine to become unstable. The issue of whether those "rough terrain" conditions existed at the time of the accident is relevant to this case, as is the condition of the alleged defective equipment itself. Since defendant must have this information to prepare its defense and has shown that it is unable to procure the substantial equivalent of the requested discovery through the use of other discovery tools, such as deposing the witnesses who were present at the scene, the defendants have demonstrated a substantial need for the discovery in order to prepare its defense, even assuming that the items qualify as work product materials.

Defendant has also shown it is unable to obtain the substantial equivalent of plaintiffs' photographs and videotape without undue hardship. Defendant states it contacted both of the local newspapers, the Tampa Tribune and the St. Petersburg Times, as well as the local television stations, in an attempt to procure photographs or videotapes of the accident scene or the equipment without results. Additionally, defendant contacted the city and county law enforcement and fire/rescue agencies where the accident occurred, and none of these agencies prepared any reports or had any photographs or videotapes of the accident scene.

It is evident that defendant has made a substantial effort to procure its own photographs which depict the conditions of the scene and the equipment at the time of the accident. Since plaintiffs appear to have the only such materials in existence at this time, it would be inequitable to permit them to deny access of these relevant sources of information to the defendant.

## III

The court must protect against the disclosure of the mental impressions, conclusions, opinions, and legal theories of the attorney or other representative of the party in ordering that discovery of trial preparation materials be permitted. Rule 26(b)(3), Fed.R.Civ.P. In the case at hand, this provision of the rule requires the court to address plaintiff's concerns that the discovery of the requested materials "may reveal any theories, mental impressions or thoughts generated by the attorneys for the Plaintiffs." (Dkt.11)

Plaintiffs do not specify whether the requested materials, such as any videotapes, contain an audio component which might contain statements made by the attorneys or their representatives about their impressions of the accident site or the equipment. In order to protect the plaintiffs from any unnecessary disclosures of attorney work product, the court finds that defendant may not have access to the audio portions of any videotapes or other similar devices which were made by plaintiffs' attorneys or representatives, but may only view the visual components made by those devices.

## IV

Plaintiffs have requested reciprocal discovery of photographs or videotapes which depict "Lull equipment in operation" if the court grants the defendant's motion to compel discovery. (Dkt.11) Plaintiffs state the defendant has special expertise to produce these photographs and/or videotapes, and the plaintiff would not be able to simulate these productions.

Plaintiff's request is unclear as to which Lull equipment and what performance operations it is requesting photographs and videotapes that were made by defendant. Plaintiff cites *Rackers v. Siegfried,* 54 F.R.D. 24, 26 (W.D.Mo.1971) as support for

the right to reciprocal discovery. However, the *Rackers* case permitted the defendant discovery of documents and information disclosing plaintiff's factual observations at the scene of the accident, after the court ordered production of the notes, diagrams and skid mark measurements of the defendant's agent after the accident. *Id.* at 26.

■ Plaintiff's request to have videotapes of "Lull equipment in operation" does not appear to be reciprocal in nature to the production of photographs and videotapes which depict the conditions of the equipment and terrain at the time of the accident. Furthermore, plaintiff has made no showing of substantial need or undue hardship which would support the production of work product of the defendant on an independent basis. The mere fact that plaintiff may not have the same level of expertise in making a videotape of defendant's equipment in operation will not meet the requirements of Rule 26(b)(3), Fed. R.Civ.P. Moreover, plaintiff has evidently not filed its own request for production, but seeks to have the court rule without such a request. Therefore, the court will deny plaintiffs' request without prejudice at this time.

### V

■ Defendant has also requested an award of the expenses of the motion to compel. Rule 37, Fed.R.Civ.P. However, under Rule 37, the court may deny this request if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expenses unjust. Rule 37(a)(4), Fed.R.Civ.P.

Plaintiffs' opposition to the motion was substantially justified. The request for sanctions is therefore denied.

It is, therefore, ORDERED:

(1) that Defendant's Motion To Compel Discovery (Dkt.8) is GRANTED in part and DENIED in part;

(2) that plaintiffs shall respond to requests for production Nos. 4, 5, and 6 and interrogatory No. 17 and shall make any

photographs, videotapes, or other images made by any other electromagnetic device available to the defendant's counsel for viewing within thirty (30) days of the date of this order, except that any audio portion shall be deleted absent agreement of counsel;

(3) that defendant's request for Rule 37 sanctions and plaintiffs' request for reciprocal discovery is denied.

DONE and ORDERED.