**Teresita SORRELS and Joseph Sorrels, her husband, Plaintiffs,**

v.

**NCL (BAHAMAS) LTD., a Bermuda company d/b/a Norwegian Cruise Line, Defendant.**

No. 13–21413–CIV.

United States District Court, S.D. Florida.

Aug. 29, 2013.

Carol Lynn Finklehoffe, Robert D. Peltz, Leesfield & Partners, P.A., Miami, FL, for Plaintiffs.

Jerry Dean Hamilton, Hector Virgilio Ramirez, Hamilton Miller & Birthisel LLP, Miami, FL, for Defendant.

*ORDER*

BARRY S. SELTZER, United States Chief Magistrate Judge.

THIS CAUSE is before the Court on Plaintiff Teresita Sorrels' Motion to Compel Discovery (DE 36) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 5). The Court having considered the

briefed Motion (DE 36, DE 38, and DE 39) and being otherwise fully advised, it is hereby ORDERED that the Motion (DE 36) is GRANTED.

Plaintiffs bring this negligence and loss of consortium action against Defendant NCL (Bahamas) Ltd., arising from injuries sustained while Plaintiff Teresita Sorrels was a passenger aboard one of Defendant's vessels and slipped and fell. *See* Complaint at 12–18 (DE 1) (stating, *inter alia,* that "[o]n or about April 13, 2012, . . . Plaintiff Teresita Sorrels was walking . . . on Deck 11 of [Defendant's vessel] the *Norwegian Sky,* when she slipped and fell as a result of the negligence of the Defendant NCL . . . and sustained serious and permanent injuries"). The incident at issue occurred pool side on a teak wood deck that was wet from rainwater.

While engaging in discovery, Plaintiffs were informed that Defendant possessed four photographs of the incident scene that had been taken by the ship's security officer approximately 35 minutes after Plaintiff Teresita Sorrels fell on April 13, 2012. Plaintiff now moves the Court to compel Defendant to produce these four photographs. *See* Motion at 3–4 (DE 36) (limiting their production requests to the "photographs taken by the security officer which would depict the existence or non-existence of signs at the time of the accident"); *see also* Reply (DE 39) ("seeking [only] those photographs which depict the existence or non-existence of signs, warnings or barricades"). In response, Defendant objects to the production of the photographs on work product grounds.

Claims of work product protection are governed by Federal Rule of Civil Procedure 26(b)(3) (which codifies the work product doctrine first articulated in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. . . ." Fed. R.Civ.P. 26(b)(3)(A). Such documents and things, however, are discoverable upon a showing that the party seeking discovery has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26(b)(3)(A)(ii).

Here, even if the requested materials constitute attorney work product, Plaintiff has demonstrated that she has a substantial need for these materials and cannot obtain their substantial equivalent by other means. Plaintiff seeks these photographs to determine whether there "were any signs or warnings at the time of the accident." Reply at 3 (DE 39); *see also* Motion at 1–2 (DE 36) (believing that based on discovery responses that "Defendant will claim 'that Plaintiff failed to use reasonable care for her safety in maintaining a reasonable and proper look out for open and obvious conditions and otherwise failing to exercise due care for her own safety' ") (quoting Defendant's answer to Interrogatory Number 3). Because Plaintiff Teresita Sorrels was taken directly to the ship's medical facility after she fell, she had no opportunity to take her own contemporaneous photographs of the scene. *See* Reply at 4 (DE 39) (noting that Plaintiff Teresita Sorrels was only traveling with her teenage daughter on the vessel); *see, e.g., Lori Ann Perry v. NCL (Bahamas) Ltd.,* Case No. 11–22778–CIV, 2011 WL 6153130, at *3 (S.D.Fla. Dec. 12, 2011) ("Plaintiff left the scene to receive medical treatment at the time of her alleged fall. Thus, she was unable to take contemporaneous photographs and she should not be required to rely on others to do so.").

Moreover, Defendant's remaining claims that Plaintiff has not met her burden because she can depose others as necessary, rely on the provided security footage, and/or take *current* photographs of the scene are unavailing on this record. *See, e.g., Nancy Matza v. NCL (Bahamas) Ltd.,* Case No. 12–22684–CIV, 2013 WL 825803, at *1 (S.D.Fla. Feb. 22, 2013) (compelling Defendant to provide Plaintiff with three additional photographs previously withheld in addition to the four photographs already produced relating to the

684

area at the time of the incident); *Reedy v. Lull Eng'r Co., Inc.,* 137 F.R.D. 405, 407–408 (M.D.Fla.1991) (finding it "doubtful" that the deposed witnesses would be able to recall the same detailed information about the condition of a site at the time of the accident that a photograph would provide); *see also* Reply (DE 39) (detailing, *inter alia,* inadequacies of the provided security footage in this matter and that a current inspection "will not resolve the question of whether there were temporary or non-permanent signs, warnings, or barricades placed at the time of the accident"). Indeed, "[c]ourts have generally allowed discovery of photographs and diagrams which were made at the time of the accident because of the inherent inability of a party to reproduce these materials." *Reedy,* 137 F.R.D. at 407; *see also Hamilton v. Great Lakes Dredge & Dock Co.,* No. 05–Civ–3862(DGT), 2006 WL 2086026, at *1 (E.D.N.Y. July 25, 2006) ("[A]ccording to a leading treatise, photographs of an accident scene, taken immediately after an accident has occurred, are a common example of material for which there is a substantial need sufficient to overcome work product protection.") (citing 6 *Moore's Federal Practice,* § 26.70[5][c] (3d. ed.)). Accordingly, Defendant shall produce to Plaintiff the four requested photographs on or before September 4, 2013.