Billings, Thomas R, J.
For the reasons that follow, Massachusetts Water Resources Authority’s Motion to Compel Production of Documents by Defendant, Victaulic Company, (Paper #90) is DENIED except as set forth in the Order below.
BACKGROUND
The plaintiff (the “MWRA”) seeks damages against various entities involved in the design, components, construction and bonding of a project for improvements to the water supply system for the City of Boston and forly-two surrounding communities. The project was bid in 1998 and completed in 2002.
This case arises out of the catastrophic and well-publicized May 1, 2010 failure of a coupling connecting two pipe sections, each ten feet in diameter, in a major MWRA water line servicing two million Boston-area residents. The failure site was at a location near the junction of Routes 90 and 95 in Weston. The complaint alleges that the coupling was manufactured by defendant Victaulic, and that it was unsuitable for the use to which it was put.
On or about May 2,2010—the day after the break— Victaulic was notified of a potential claim by the MWRA, began its investigation, and retained counsel. By May 6 MWRA officials had determined, and told the media, that the break was caused by the failure of a component made by Brico, a company that Victaulic had acquired in 1999. At counsel’s request and with the MWRA’s permission, a professional photographer went to the site and took photographs on July 15, 16, 19, 23, 27, 28 and 30 and on August 13, 21, and 27 and September 3, 2010.
The MWRA—which also took photographs and video of its own, and has made them available to all other parties to the action—seeks to compel production of Victaulic’s photos. It maintains that they are, or may be, relevant to the following issues:
(i) whether the nature and extent of damage caused to adjoining lands, river banks and the channel of the Charles River as a result of the force of water escaping from the open pipe joint following the coupling failure constitute recoverable “property damage”;
(ii) whether the nature and extent of damage to roadway, drainage systems, utility lines and other infrastructure which required replacement or repair constitute recoverable “property damage”;
(iii) whether the conditions, difficulties and limits encountered in searching for and recovering the failed components accounted for the recovery of fewer than all eight bolts;
*690 (iv) whether there is any evidence of soil instability, movement or displacement in and around the site of the coupling break;
(v) whether the weight and location of the stockpiled excavated soils at or near portions of the buried water line upstream of the site of the coupling failure caused or contributed to leaks which developed in the buried water line in late August 2010; and
(vi) whether the condition of portions of the cathodic protection devices installed along the surface of the site were improperly maintained prior to the coupling failure or were damaged by the coupling failure.
Victaulic objects on the ground that the photos are attorney work product.
DISCUSSION
Victaulic has, by affidavit, properly laid the foundation for its contention that the photos constitute attorney work product; that is, that they are “documents [or] tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party’s representative.” Mass.R.Civ.P. 26(b)(3). It therefore falls to the MWRA to show that it “has substantial need of the materials in the preparation of [its] case and that [it] is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” If this showing is made, “the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.” Id.
It has been said that “[c]ourts have generally allowed discovery of photographs and diagrams which were made at the time of an accident because of the inherent inability of a party to reproduce those materials.” Reedy v. Lull Engineering Co., 137 F.R.D. 405, 407 (M.D. Fla. 1991) (allowing defendant access to plaintiffs photos of accident scene). Although this assertion has not proven out in a purely quantitative sense, see cases cited two paragraphs below, there does at least appear to be a general consensus in the federal courts that photos of an accident scene constitute fact, not opinion, work product,[1] and so may be ordered produced upon a showing of substantial need of the materials and inability to replicate them without undue hardship. See Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997) (counting “photographs and raw information” as “ordinaiy work product” to which substantial need standard applies).
I agree that this is the proper approach, under both Federal and Massachusetts Rule 26(b)(3).[2] Photographs, even when taken at counsel’s direction, depict physical features and conditions, not ideas. To be sure, the selection of subjects may reflect, inferentially, the attorney’s or investigator’s concerns, but photographs do not offer the sort of direct window into her mental processes that “written statements, private memoranda, and personal recollections prepared or formed by the adverse party’s counsel in the course of [her] legal duties” (Hickman v. Taylor, 329 U.S. 495, 510 (1947)) would provide. They are therefore protected, but qualifiedly so.
Although their general approach is more or less uniform, the federal cases have reached varying and fact-dependent conclusions concerning the compulsory production of accident scene photos in particular cases. See, e.g., Poulin v. Greer, 18 F.3d 979, 985-86 (1st Cir. 1994) (trial judge’s denial of plaintiffs’ motion for production of defense photos of the scene was not a “manifest injustice,” where they were taken one year after the accident and plaintiffs had not shown an inability to replicate them); Laws v. Stevens Transport, Inc., 2013 WL 608046 (S.D.Ohio 2013) at *3 (holding that plaintiffs, who “ha[d] not argued that without the pictures, they are unable to present a case of either liability or damages,” had not demonstrated substantial need for photos taken on day of accident); Perry v. NCL (Bahamas), 2011 WL 6153130 (S.D.Fla. 2011) at *3-4 (ordering production of photographs taken an hour after the accident, noting that injured plaintiff was unable to take photos at time of accident, the accident-inducing condition (“a non-apparent liquid substance”) was transient, and attorney’s involvement was only “a general direction to take photographs of the accident scene”); Trejo v. Alter Scrap Metal, Inc., 2009 WL 2634485 (S.D.Miss. 2009) at *l-*2 (plaintiff, who had photos taken a week after accident, entitled to defendant’s photos taken on day of accident); Car-nes v. Crete Carrier Carp., 244 F.R.D. 694, 699 & n.2 (N.D.Ga. 2007) (denying production where defendant had not demonstrated, or even argued, that it had substantial need for photos taken by interested third parly “on or shortly after the date of the accident”); Eisenberg v. Carnival Corp., 2007 WL 2946029 (S.D.Fla. 2007) (ordering production of photos but not accident reports); Zoller v. Conoco, Inc., 137 F.R.D. 9, 9-10 (W.D.La. 1991) (plaintiff entitled to photographs of scene taken by defendant’s investigator, where “the appearance of the accident location changed dramatically after the accident [such that] it is impossible for plaintiff to obtain photographic records of the site by any other means”); Chiquita Int’l, Ltd. v. M/V Bolero Reefer, 1994 WL 263603 (S.D.N.Y. 1994) at *1 (denying production “where the parly seeking disclosure had full access to the scene and was not precluded from creating a photographic record”); Reedy, supra (defendant entitled to plaintiffs photos of scene taken “at the time of the accident”); Martinson v. Lykes Bros. Steamship Co., 1987 WL 6692 (E.D.Pa. 1987) (plaintiff, who did not retain counsel until a week after accident by which time conditions of accident site “were, or were most likely, substantially different,” given access to shipowner’s photos).
From these cases emerge several factors, each the product of common sense, that inform the substantial *691 need determination. The more the accident scene has changed in material respects since the accident—and especially, since the other side’s photos were taken— the greater the need. Photos taken close to the time of the accident are more likely to be ordered produced than photos taken later. And parties who took, or had an opportunity to take, substantially contemporaneous photos of their own are less likely to be granted relief than those who did not have such an opportunity.
Here, the MWRA was in control of the site at all times, could have photographed it to whatever extent it deemed appropriate, and did so. The work is now complete, however, such that then-existing conditions have been altered or buried, and the opportunity to take further photos of them has passed. Notably, however, the opportunity had likely passed in substantial part by the time Victaulic’s photographer ventured onto the scene on July 15. The preceding two and one-half months were undoubtedly a period of intense activity as the MWRA and its contractors worked to ascertain the cause of the failure, fix it, restore water to some two million greater Boston residents, determine whether there was a risk of similar failures elsewhere in the supply line, and address any issues thus discovered. Considering these factors together, I find that the MWRA has not met its burden of showing substantial need for Victaulic’s photos.
At some point, however, documentary material— even fact work product—that is destined to find its way into a trial must lose its confidential status. The Order below is intended to ensure that this will occur while there is still time to avoid an ambush.[3]
ORDER
For the foregoing reasons, Massachusetts Water Resources Authority’s Motion to Compel Production of Documents by Defendant, Victaulic Company (Paper #90) is DENIED, except as follows. On the date on which it is to provide its expert disclosures, Victaulic shall also provide all parties with copies of all photographs it intends to, or may, offer in evidence at trial. Failure to produce any photograph, other than for good cause shown, will result in its exclusion at trial.

“The [work product] doctrine encompasses two types of work product: fact work product and opinion work product. Fact work product is protected to a lesser extent than opinion work product, and here disclosure may be ordered on the plaintiffs showing before the judge or discovery master on remand that they have a substantial need for the material and cannot obtain a sufficient equivalent by other means. Opinion work product, in contrast, is generally not open to discovery.” Chambers v. Gold Medal Bakery, Inc., 464 Mass. 383, 391 n.22 (2013) (citations omitted). An exception to this last—perhaps, the only exception under Massachusetts law— exists “when the activities of counsel are inquired into because they are at issue in the action before the Court." Ward v. Peabody, 380 Mass. 805, 817 (1980), quoting 4 J. Moore, Federal Practice, ¶26.62(4), at 26-447 (2d ed. 1979).

In other jurisdictions such as New York and California, which have not adopted a version of the Federal Rules of Civil Procedure, the work product doctrine is statutory. Because no reported Massachusetts case has considered the doctrine’s application to photographs, I have looked to the federal cases as persuasive, non-binding precedent.

In this case, fact discovery is scheduled to be completed by December 31, 2013, the MWRA’s expert disclosures are due April 1, 2014, the defendants’ on May 1, 2014, and the MWRA’s supplemental expert disclosures (if any) on May 22, 2014.